# Per Curiam.
It is a settled rule of practice m the Jbn~ glish courts, that on a motion for an information, or in air affidavit to hold to bail, the affidavit must' not be entitled* and if it be entitled, it cannot be read. The reason assigned is, that there is, at’ the limeno cause pending' in "the court, and' an indictment for perjury in malting such an affidavit, must fail, as it could not be shown that such' a cause existed in the court in which the affidavit was^ made.* The present case comes within, the reason of the _ , r _ 7 English rule. The cases' of Brooke v. Ewer, and Bayley v. Broome, cited from Strange, prove nothing on this point, as the reporter might have taken tfie title of the cause elsewhere. The affidavits, therefore, cannot be received. But on the merits, the court would have sustained the motion. The alleged ground of ^regularity was a mere pretext, and if it were allowed to prevail, the courts of common pleas might grant new trials in every case, and the provisions of the statute be thereby defeated. The verdict below was set aside as being against evidence. The °f mandamus is the proper remedy in this cáse.* But as affidavits.ought not to have been entitled, they cannot be received, and the motion must, therefore, be denied.
Rule refused.(a.)

 Strange, 704. Andrews, 213. 6 Term, 640 1 Bos. & Pul. 36. 827. 7 Term, 454.

 Strange 113. 392.

 Where a court of Common Pleas refuses to give judgment in a canse before them, the Supreme Court will not grant a mandamus, until after a rule to show cause has been granted. The people v. the Judges of Cayuga, &c. 2 John. Cas. 68. See, also, id. 72. It may notbe useless to introduce here a more recent and more general decision in relation to this subject. Where the inferior tribunal has a discretion, and proceeds to exercise it, the supreme court have no jurisdiction to control that discretion By mandamus. Butif subordinate public agents, *373 refuse to act, or to entertain the question for their discretion, in cases where the law enjoins them to do the aet required, the court will enforce obedience to the law by mandamus, in cases where no other legal remedy exists. Hull v. Supervisors of Oneida. 19 John. 259.