essarily wilful; a refusal is, or, at any rate, is, by the statute, made equivalent to, a wilful neglect.

These conclusions are decisive against the plaintiff, and judgment is ordered for the defendant.

[The judgment was reversed by the supreme court. 101 U. S. 174.]

## Case No. 18,074.

### WRIGHT et al. v. COGSWELL.

[1 McLean, 471.] [1]

Circuit Court, D. Illinois. June Term, 1839.

AFFIDAVIT TO HOLD TO BAIL—SUFFICIENCY.

1. An affidavit to hold to bail must be positive, and the indebtment must be stated from the knowledge of the affiant.

[Cited in Postley v. Higgens, Case No. 11-304; Nelson v. Cutter, Id. 10,104.]

[Cited in Quarles v. Robinson, 2 Pin. 99.]

2. An affidavit that the affiant was informed and verily believes the defendant is indebted to the plaintiffs is insufficient.

3. The affiant must state more than the mere legal import of the instrument on which the action is brought.

At law.

Mr. Johnson, for plaintiffs.

Mr. Logan, for defendant.

McLEAN, Circuit Justice. This action is brought on a promissory note of $4,044.44. Before the writ was issued, James H. Sanford made an affidavit that he was informed and verily believed the defendant [William R. Cogswell] was justly indebted to the plaintiffs [James Wright and others] in the just and full sum of $4,281.71, the same being the amount, including interest, &c., of a certain promissory note, &c., and that unless the defendant shall be held to bail, the amount of the judgment will be in danger of being lost. The statute of Illinois concerning bail provides "that in all actions to be commenced in any court of record in this state and founded upon any specialty, bill or note in writing, or on the judgment of any court, foreign or domestic, and in all actions of covenant, &c. in which the plaintiff or other credible person can ascertain the sum due or damages sustained. and that the same will be in danger of being lost, as that the benefit of whatever judgment may be obtained will be in danger unless the defendant or defendants be held to bail, and shall make affidavit thereof, the defendant shall be held to special bail," &c.

A motion is made by the defendant's counsel to quash the bail bond, on account of the insufficiency of the affidavit. The statute prescribes the terms on which a plaintiff is

[1] [Reported by Hon John McLean, Circuit Justice.]

entitled to special bail. An affidavit is required, though the action may be founded on a judgment, or an instrument of the highest solemnity; and this affidavit must state the amount due or the damages sustained. A very strict rule has been observed in regard to affidavits to hold to bail in the king's bench. The rule has been somewhat less strict in the common pleas. 1 Sell. Prac. 104. In the case of Pomp v. Ludvigson, Burrows, 655, the court held that the affidavit must be as positive as the nature of the case admits. And in 3 Term R. 575, that the affidavit of indebtment is not good if made, "as appears by the account annexed." In Strange, 1226, it was decided that swearing to a belief of indebtment is not sufficient. In the common pleas (3 Wils. 154) it was decided that an affidavit which stated the circumstances of the cause of action, without specifying the amount due, was sufficient.

The affidavit in this case was not made by the party to whom the debt was due, but by a stranger to the original transaction, who swears that "he is informed and verily believes the defendant was justly indebted," &c. This oath was, probably, made by the affiant, from an inspection of the note on which the action is founded; and, perhaps, a correspondence with the plaintiff. Now it is fair to infer that the statute, in requiring an affidavit to hold to bail, intended more than a statement which any one could make, on an inspection of the instrument on which the action is brought. And the affidavit filed in this case is nothing more than this. The affiant is informed and believes, that the defendant is indebted to the plaintiff. His information may have been acquired from the plaintiff or from reading the note; and as indebtment is the legal inference arising from the face of the note, the affiant might well say that he believed the defendant was justly indebted, &c. If any effect be given to the statute, the affidavit must contain something more than the belief of the affiant, founded upon the legal import of the obligation. The sum due must be stated positively and by a person who can swear from his own knowledge. The bail bond is set aside, on the ground that the affidavit is insufficient.

WRIGHT (CONSOLIDATED FRUIT JAR CO. v.). See Case No. 3,135.

## Case No. 18,075.

### WRIGHT v. CURTIS.

[See Case No. 17,628.]

WRIGHT (DARBY v.). See Case No. 3,574.

WRIGHT (DAYTON v.). See Case No. 3,-693.