Spring vs. Robinson.

QUARLES, impleaded with SPRING v. ROBINSON.

1. ATTACHMENT—AFFIDAVIT.—It is irregular to entitle an affidavit in an attachment suit under the territorial statutes, as the affidavit is antecedent to, and the foundation of the suit, and there is no suit depending until the attachment issues.
2. SAME.—An affidavit for an attachment must distinctly and plainly show a debt due, and it is not sufficient that it shows it inferentially.
3. SAME.—Though the affidavit may, in its preliminary part, state a debt to exist, yet if in a subsequent part it states the debt to be "*pursuant to a judgment*," etc., the preliminary statement is thus qualified and rendered uncertain and insufficient.

(1 *Chand.* 29.)

ERROR to the late District Court for *Racine* County.

This was a suit commenced by attachment by the defendant in error against the plaintiff in error, under the territorial statute.

The affidavit did not positively state the indebtedness of the defendant below, under the provision the of statute, although, in the preliminary part of the affidavit, it assumed positively that the indebtedness existed ; but in the subsequent part of it, and as descriptive of the manner in which the debt accrued, it alleged it to have accrued " pursuant to a judgment of the supreme court of Louisiana," instead of stating the *very* consideration on account of which the indebtedness accrued.

The court below held the affidavit sufficient to maintain the attachment, and received the record of judgment in the court of Louisiana, as evidence against the defendant below, and judgment was given in accordance therewith.    The defendant sued out a writ of error.

*E. W. Evans*, for plaintiff in error, contended :

1. That the court below should have quashed the attachment for the insufficiency of the affidavit on which it issued, because it was entitled in the suit ; and to that point he cited Graham's Prac. 160 ; 2 Johns. 372 ; 2 Cow. 500. That the affidavit for procuring the attachment was entitled *in the cause*, and it was irregular, because there was no

cause depending in the court until the attachment was issued. Until then, there was no suit depending to be entitled. The affidavit was merely preliminary and antecedent to the commencement of the suit, and until the process issued there was no suit.

2. That there was no positive oath of the specific indebtedness of the defendant below to the plaintiff below, to authorize the issuing the attachment.    2 Durn. & East, 55 ; 1 McLean, 471.

3. That no positive or definite amount of indebtedness was shown, within the purview of the statute.    Burnett, 290.

4. That the writ was issued under the authority of the judge of probate, who was not authorized by law to allow the writ.

*Lovell & Bond,* for defendant in error.

STOW, C. J.   We should be glad to affirm this judgment, for we are satisfied that substantial justice has been done, and that there is no irregularity subsequent to the incipient proceedings.   But the original affidavit, on which the attachment issued, is too defective to give jurisdiction.   Though the entitling, irregular as it is, might, perhaps under the practice of the late district courts be permitted; the describing it of October term, 1847, when in fact, it was of the preceding April term, being sworn to in June, is too palpably erroneous to be overlooked.

Again, we are of opinion that the affidavit is defective in not swearing positively to the indebtedness.   This being a statutory proceeding of a somewhat harsh character, and wholly different from that of the common law, the provisions of the act must be strictly observed, and nothing can be presumed or taken by inference.   In the first instance, the affiant swears directly and clearly to the indebtedness ; and had he stopped here, only adding the character of the debt, the affidavit would have undoubtedly been sufficient.   But

instead of simply describing the nature of the debt, he says that it is *pursuant* to a judgment of the supreme court of Louisiana. This will not do. The word pursuant has several meanings, some of which, in the connection the word is here used, would qualify the positive declaration before made into a mere assertion that, according to the judgment, so much was due. This was not enough. 1 McLean, 471; 1 Durn. & East, 406. According to—as appears from—by the terms of—*pursuant* to—or other equivalent terms referring to the judgment, may be all true, and yet, in point of fact, nothing be due upon it. For these defects in the affidavit the judgment is reversed.

NOTE.—The chief justice, in addition remarked, that the test of the sufficiency of an affidavit was, whether the party making it could be indicted for perjury if the matters stated were false; and that an affidavit entitled in a suit, when no suit was pending in the court, in which the title purported it was made, and which affidavit was made for the purpose of obtaining process, by which a suit should be commenced, was not such an affidavit as that a prosecution for perjury could be sustained upon it, though false in fact.

In support of this opinion, see 2 Cow. 500; 7 Term, 455; 1 Bos. & Pul. 36, 227; 2 Johns. 372; 12 id. 461.