## WOODRUFF VS. SANDERS.

Where, in an action upon a promissory note, commenced before a justice of the peace, the affidavit for an attachment (which was taken for the complaint) was not sufficient to authorize the warrant which was issued: *Held*, that after the defendant had appeared generally, and plead to the merits, and appealed from

the judgment of the justice to the circuit court, whether the attachment might have been dissolved or not, it was too late to dismiss the suit as a personal action, for any defect in the process or in the service of the same.

APPEAL from Circuit Court for *Waushara* County.

The plaintiff filed with a justice of the peace in said county his affidavit for an attachment against the property of the defendant, alleging therein that the defendant was "justly indebted to him in the sum of $54.85, on contract expressed, to wit, on a promissory note," and that the defendant "contracted the debt under fraudulent representations." Thereupon the justice issued a warrant of attachment in due form, except that it did not run in the name of the "State of Wisconsin." On the return day the defendant appeared specially for that purpose, by attorney, and moved to dismiss the warrant, on account of the defect in the style thereof. The motion was denied, and exception taken, and the defendant refused to appear further to the action. It appearing by the return of the officer to the warrant, that property of the defendant had been attached, and that the defendant was not summoned, it was ordered that the plaintiff give notice to the defendant by three written advertisements, &c., stating that said writ had been issued and his property attached, and directing him to appear before said justice on the 16th of the following March, &c. : and the action was continued until that day. On the day last mentioned, when the suit was called, both parties appeared. The defendant filed an affidavit stating that the justice before whom the cause was then pending was a material witness in his behalf, and obtained an order transferring the action to another justice in said county. Both parties appeared before said justice, and the defendant moved successively for another change of venue; that the suit be dismissed, and the warrant of attachment set aside because the plaintiff's affidavit did not state that the defendant was indebted to him in a sum exceeding five dollars over and above all legal set-offs ; and that the suit be dismissed because of the defect in the writ of attachment.

These motions having been denied, the defendant answered the complaint by a general denial. After trial had, judgment was rendered for the plaintiff for the amount claimed in the complaint. An appeal was taken by the defendant to the circuit court, pending which the plaintiff received from the defendant's attorney notice of a general retainer in the action. When the cause came on to be heard, the court, on defendant's motion, dismissed the action "for the insufficiency of the affidavit" filed with the justice, "in not stating that the indebtedness therein mentioned was over and above all legal set-offs." From this order the plaintiff appealed.

*W. C. & H. G. Webb*, for appellant.

*Geo. B. Smith*, for respondent, cited sec. 99, ch. 120, R. S.. and *Hutchinson v. McClellan*, 2 Wis., 17.

*By the Court*, PAINE, J. Whether or not the respondent might have moved in the circuit court to dissolve the attachment on account of the defect in the affidavit, it is not necessary to determine. But that, after he had appeared generally, as he did on the second adjournment before the justice, and had plead to the merits, and then taken an appeal to the circuit court, it was too late to dismiss the suit as a personal action for any defect in the original process, or in the service of it, has already been decided by this court. *Lowe v. Stringham*, 14 Wis., 222.

The order dismissing the action is reversed, with costs, and the cause remanded for trial.