## TALBOT vs. WOODLE.

An affidavit for an attachment made by plaintiff's attorney, stated that affiant had good reason to believe, and did believe, that the defendant was justly indebted to the plaintiff in a certain specified sum upon a promissory note (for a specified amount of principal and interest); but it did not state that affiant had said note in his possession, or that he had ever seen it, or what reason he had for believing in its existence. The circuit judge indorsed upon the affidavit that he was satisfied of the existence of the facts stated therein, and allowed the writ. *Held*, that under the act of the territorial legislature approved February 15, 1842, the affidavit was fatally defective.

Such an affidavit should state positively the fact, nature and amount of the indebtedness, and the circumstances upon which the affiant's belief of the facts is founded. *Quarles v. Robinson*, 1 Chand., 29, approved.

APPEAL from the Circuit Court for *La Fayette* County.

Ejectment. The plaintiff claimed under a deed from E. Stanley Smith, executed in April and recorded in May, 1849. The defendant claimed under a sheriff's deed executed in 1852, in pursuance of a sale made upon execution in September,

Talbot vs. Woodle.

1849, in an action by Mead, Rogers & Co. against said Smith, and further claimed that said sale and deed conveyed to him all the interest which said Smith had in the premises on the 1st of March, 1849, that being the day on which said premises were seized by the sheriff under a writ of attachment in said action. The only question decided by this court is as to the validity of the writ; and the grounds upon which the decision is based are stated in the opinion.

Judgment for the plaintiff; and defendant appealed.

*J. A. Sleeper*, for appellant.

*P. A. Orton, Jr.*, with whom was *J. H. Knowlton*, for respondent, cited Drake on Attachment, sec. 100; *Morrison v. Ream*, Burnett, 83; *Vosburg v. Welch*, 11 Johns., 175; *Lorrain v. Higgins*, 2 Chand., 116; *Pratt v. Pratt*, id., 48; *Quarles v. Robinson*, 1 id., 29; *Whitney v. Brunette*, 15 Wis., 61; *Smith v. Luce*, 14 Wend., 237; *Ex parte Haynes*, 18 id., 611; *Ex parte Robinson*, 21 id., 672; *In re Bliss*, 7 Hill, 187; *Tollman v. Bigelow*, 10 Wend., 420.

*By the Court*, COLE, J. It is claimed that the attachment proceeding under which the appellant claims title, is void. If this objection is sustained it effectually disposes of the case, and it will be unnecessary to notice other points discussed by counsel. Were then the attachment proceedings void? It is insisted that they were, and that the affidavit for the writ was insufficient to give the court jurisdiction. The affidavit was made by the attorney of the plaintiffs in the attachment suit; and the particular objection taken to it is, that it only states the indebtedness of the defendant on the belief of the attorney. The language of the affidavit upon this point reads as follows (after stating that the affiant had been retained as attorney by the plaintiffs to prosecute a suit against E. Stanley Smith, the defendant): "and that I have good reason to believe, and do believe, said E. Stanley Smith is justly indebted to said firm of Mead, Rogers, & Co., in the sum of three hun-

dred and fifty-seven dollars, in a cause of action arising out of, founded upon, or sounding in contract, to wit, upon a promissory note, for three hundred and fifty-two dollars and twenty-one cents, and interest, and for three dollars and ninety-four cents for money paid, laid out and expended by said Mead, Rogers & Co., for and at the request of said Smith." The ground of the attachment was, that Smith was not a resident of Wisconsin; and this fact is positively stated in the affidavit. The suit was brought while the law of February 15th, 1842, was in force. Laws Territory of Wisconsin, 1842, p. 21. By the third section of that act it is provided, that the facts necessary to entitle a party to a writ of attachment should be proven to the satisfaction of a district judge, or of a supreme court commissioner of the proper county, by the affidavit of the plaintiff or some credible witness, "*stating therein the nature and amount of the plaintiff's demand,* and the circumstances upon which the belief of such facts is founded." The circuit judge indorsed upon the affidavit that he was satisfied of the existence of the facts stated therein, and allowed the writ. But notwithstanding this, we are of the opinion that the affidavit is fatally defective under this statute. The attorney simply swears that in his belief the defendant was indebted to the plaintiffs in a certain amount upon a promissory note. He does not swear that he ever saw the note referred to, or that he has it in his possession, and in fact only swears to its existence upon belief. This is all the affidavit amounts to upon this point. The indebtedness, the existence of the note, the amount thereof, are all stated upon the mere belief of the attorney, who does not give one fact or circumstance upon which his belief was founded. Can it possibly be said that this is a substantial compliance with the law, which requires the affidavit to state that an indebtedness existed, and, among other things, "the nature and amount of the plaintiff's demand?" In *Quarles v. Robinson,* 1 Chand., 29, C. J. STOW in effect says, that a party under this statute should swear clearly and

positively to the indebtedness, and that it is not sufficient to state that according to the judgment of the affiant so much is due. See likewise *Morrison v. Ream*, Burnett's R., 83 ; *Jones v. Webster*, id., 190 ; *Lorrain v. Higgins*, 2 Chandler, 116. We have no. doubt that the rule was correctly stated in the case of Quarles, and that an affidavit which does not state the indebtedness positively and distinctly, but only upon belief, is fatally defective. The nature and amount of the demand are essential facts, which must be stated as a ground of the attachment. It is said that the affidavit contained some evidence which the circuit judge could consider, and upon which he could act judicially ; and if it was sufficient to satisfy him that the indebtedness existed, this is all that was necessary. But in order to warrant an attachment, the law of 1842 required that an affidavit should be made stating certain facts which were declared to be a ground of attachment. The fact of indebtedness, and the nature and amount of such indebtedness, were among those facts. It was not a case where an attachment was allowed provided the officer was satisfied by affidavit that an indebtedness existed. If it was, then it might reasonably be said that we could not review the decision of the officer upon the point, and say that he was not satisfied of the existence of the fact. But the wide distinction between a law which allows an attachment when an officer is satisfied by affidavit of the existence of certain facts, and one which permits the writ to issue only upon an affidavit stating certain facts, is very clearly pointed out by Mr. Justice PAINE in *Whitney v. Brunette*, 15 Wis., 62. In the former case the action of the officer is partly judicial, while in the latter it is largely ministerial. Now by the law of 1842, the indebtedness and its nature and amount were material facts, necessary to be clearly and positively stated in the affidavit, to warrant the attachment. *Lathrop v. Snyder*, 16 Wis., 293.

The attachment proceeding was therefore void on account of this radical defect in the affidavit.

The judgment of the circuit court is affirmed.