## BLACKWOOD VS. JONES.

PRACTICE—JUSTICE'S COURT:   *Affidavit for attachment.—Waiver of defect.—Jurisdiction of person, and of subject-matter.—Form of judgment in circuit court, on appeal.*

1. An attachment in justice's court is void where the affidavit therefor fails to state that defendant's indebtedness was due upon contract express or implied.   A statement that the same was due "for running certain logs," etc., etc., is *held* insufficient.
2. Judgment against defendant in such a case will be reversed on *certiorari*, unless he has waived the defect in the affidavit.
3. But where he appears generally in the action, answers to the merits, goes to trial, appeals from the judgment, and notices the cause for trial in the circuit court, these acts, and probably any one of them, will constitute a waiver of said defect, and give the court jurisdiction of his person.

Blackwood vs. Jones.

4. The action being on a money demand for $80, the justice had jurisdiction of the *subject-matter*, notwithstanding such defect in the affidavit.
5. Where the circuit court properly dismisses an action for want of jurisdiction in the court below, it is error to render a judgment against plaintiff for costs.

APPEAL from the Circuit Court for *Waupaca* County.

The plaintiff appealed from a judgment dismissing the action for want of jurisdiction. The case is stated in the opinion. The affidavit for an attachment therein referred to, after stating the amount due plaintiff from defendant, states "that the same is due for running certain logs from the Pigeon river to Wolf river, in the spring of 1869," etc.

*M. H. Sessions*, for appellant, argued that defendant's appearing before the justice, joining issue and going to trial upon the merits, constituted a waiver of all defects in the prior proceedings, and gave the justice jurisdiction of the case; and that, the judgment being for more than $15, the taking of an appeal by the defendant was equivalent to an appearance in the cause, and gave the appellate court jurisdiction of his person; and that the noticing of the cause for trial in that court was such an appearance as would give the court jurisdiction of the cause. *Bell v. Olmsted*, 18 Wis. 69; *Congar v. R. R. Co.*, 17 id. 477; *Low v. Stringham*, 14 id. 222; *Malone v. Clark*, 2 Hill, 657; *Wood v. Randall*, 5 Hill, 264; *Clapp v. Graves*, 26 N. Y. 418.

*C. Coolbaugh & Son*, for respondent, argued that, to authorize this summary proceeding, which is purely statutory, the provisions of the statute must be strictly complied with, and as that was not done in this case, the justice acquired no jurisdiction (*Pratt v. Pratt*, 2 Chand. 48; *Elliott v. Jackson*, 3 Wis. 649; *Whitney v. Brunette*, 15 id. 61; *Bowen v. Slocum*, 17 id. 181; *Felt v. Felt*, 19 id. 193); and that the defect, being in jurisdiction of the *subject-matter*, could be taken advantage of at any time. 1 Smith's L. C. (5th Am. ed.) 832; *Felt v. Felt*, 19 Wis. 193.

LYON, J.   This action was commenced by attachment before a justice of the peace, and the affidavit for the writ failed to state that the indebtedness of the defendant therein mentioned was due upon contract, express or implied.   The writ was duly served, and on the return day thereof the defendant appeared, and answered a general denial.   He also moved to dismiss the case for a defect in such affidavit, in that, as set forth in the motion, it " does not designate particularly the logs run, and does not state mark or quality." The justice denied the motion, the parties went to trial upon the merits, and the plaintiff recovered judgment. The defendant appealed to the circuit court for Waupaca county, and noticed the action for trial at the June term thereof, 1870, at which term the court dismissed the action, on the ground that such affidavit was defective and did not confer jurisdiction upon the court, and gave judgment against the plaintiff for costs.   From that judgment the plaintiff has appealed to this court.

The writ of attachment was void by reason of the want of an allegation in the affidavit upon which it was issued, that the indebtedness was " due upon contract, express or implied."   The statute imperatively requires that the affidavit shall state that fact, and unless it is so stated, no valid writ can issue.   Had the defendant appeared specially for that purpose alone, and moved the court to dismiss the action for want of jurisdiction, and made no further appearance in or defense to the action, the judgment would have been absolutely void, and should have been reversed, had it been removed to the circuit court by a common law *certiorari*.   But instead of keeping out of court for any other purpose than to make the motion, as he should have done if he desired to get any benefit by reason of the defect in the affidavit, he appeared generally in the action, answered to the merits, went to trial, appealed from the judgment against him, and noticed the action for trial in the circuit court.

It is perfectly well settled in this and other states, that these acts, and probably any one of them, operated as a waiver of the defect in the affidavit, and gave the court jurisdiction of his person. *Low v. Stringham*, 14 Wis. 222; *Woodruff v. Sanders*, 18 Wis. 161.

It is said in the brief of counsel for the respondent, that the court did not have jurisdiction of the subject-matter of the action, and therefore such appearance and pleading to the merits, etc., did not cure the defect. But the first proposition is clearly untenable. The subject-matter of the action was a money demand for eighty dollars, and that was certainly within the jurisdiction of the justice.

The justice then had jurisdiction of the subject-matter of the action, and of the person of the defendant; and the judgment rendered by him was a valid judgment. The appeal gave the circuit court jurisdiction, and it was error to dismiss the action for want of jurisdiction.

Had the action been properly dismissed, still it was error to render a judgment for costs against the plaintiff. *Felt v. Felt*, 19 Wis. 193.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.