## TROWBRIDGE vs. SICKLER.

*Affidavit for attachment.*

| 42 | 418 |
|---|---|
| 59 LRA | 624 |

1. In an affidavit for an attachment, a statement that the attachment defendant "is indebted " to the plaintiff in a sum named, " upon express contract, over and above all legal setoffs," is a sufficient affidavit that the amount named is *due*. *Whitney v. Brunette*, 15 Wis., 61, and *Bowen v. Slocum*, 17 id., 181, as to this point, overruled.

[2. The decision in *Blackwood v. Jones*, 27 Wis., 498, that the affidavit there was insufficient because it merely stated that the sum named was " due for running certain logs," and did not state in terms that it was due " upon contract," was properly overruled in *Ruthe v. Railway Co.*, 37 Wis., 344.]

[3. The affidavit here having stated that a certain action has been commenced by plaintiff against defendant, etc., declares that defendant is indebted in the sum named "upon the cause of action upon which said action is founded." LYON, J., is of opinion that this is substantially an averment that there is a present cause of action upon the alleged indebtedness, and that this averment would make the affidavit good, even if, without it, the omission of the word " due " would be fatal.]

Trowbridge vs. Sickler.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover personal property. The complaint alleges that the plaintiff is the owner and entitled to the possession of the property, and that the same was wrongfully taken and is unjustly detained by the defendant. The defendant answered that at the time of the alleged taking and detention of the property, and from thence hitherto, he was and is undersheriff of Fond du Lac county; that he seized and holds the property by virtue of a writ of attachment placed in his hands for service, issued in an action pending in the circuit court for that county, wherein one McDonald was plaintiff, and Horace and George O. Trowbridge, Jr., were defendants; and that, when such seizure was made, George O. Trowbridge, Jr., was the owner, and in possession of the property. The affidavit annexed to such writ of attachment is as follows:

" John S. McDonald, being duly sworn, says: that he is the plaintiff in the above entitled action, and that the same has been commenced and is now pending in the circuit court in Fond du Lac county, against Horace Trowbridge and George O. Trowbridge, defendants as above entitled. And deponent further says that said George O. Trowbridge is indebted to this deponent, who is plaintiff in said action, in the sum of seven hundred and sixty-seven dollars and eighty-one cents upon express contract, over and above all legal setoffs, upon the cause of action on which said action is founded."

On the trial, after the plaintiff had proved a *prima facie* case and rested, the defendant offered proof of the defense set up in his answer; but the court rejected such proof, on the ground that the seizure of the property could not be justified under the writ, because the affidavit thereto annexed fails to show that any sum of money was *due* the plaintiff in the attachment. The jury thereupon, by direction of the court, found for the plaintiff; a motion for a new trial was denied, and judgment entered for the plaintiff pursuant to the verdict; and the defendant appealed.

Trowbridge vs. Sickler.

Briefs were filed, by *E. S. Bragg* for the appellant, and by *J. M. Gillet* for the respondent; and there was oral argument by *J. C. Gregory* for the appellant, and by *David Taylor* for the respondent. In support of the ruling of the court upon the affidavit for an attachment, appellant's counsel relied upon *Whitney v. Brunette*, 15 Wis., 61; *Bowen v. Slocum*, 17 id., 181; and *Homan v. Brinckerhoff*, 1 Denio, 184.

LYON, J. If the affidavit annexed to the writ of attachment is a substantial compliance with the statute in that behalf, the rejection of the testimony offered to prove the defense set up in the answer of the defendant was error. The only objection urged to the affidavit is, that it fails to state, in terms, that the indebtedness, to recover which McDonald brought his action, was due. The statute is as follows: "Before any writ of attachment is executed, the plaintiff, or some person in his behalf, shall make and annex thereto an affidavit, stating that the defendant named in such writ of attachment is indebted to the plaintiff, stating the amount of such indebtedness, as near as may be, over and above all legal setoffs, and that the same is due upon contract, express or implied," etc. R. S., ch. 130, sec. 2.

The question of the sufficiency of the affidavit depends upon the meaning of the word *indebted*, as used therein and in the statute. In *Quarles v. Robinson*, 2 Pin., 97 (1 Chand., 29), STOW, C. J., discussing the sufficiency of an affidavit for a writ of attachment, said: "In the first instance, the affiant swears directly and clearly to the indebtedness; and had he stopped here, only adding the character of the debt, the affidavit would have undoubtedly been sufficient." This is saying, in effect, that, by swearing to an indebtedness, the affiant deposed, *ex vi termini*, that there existed a cause of action; for the law then in force required that fact to be proven by affidavit. Laws of 1842, p. 21. In *Lenox v. Howland*, 3 Caines' R., 323, the

word *indebted*, as used in the attachment laws of New York, is held to be synonymous with *owing;* and among the definitions of *owing* or *owe*, are "due," "to be due to." Webster. It has been held in Louisiana that the words "really indebted" convey the idea of a debt actually due and payable; not *debitum in presenti, solvendum in futuro.* No weight seems to have been given to the adverb *really. Parmele v. Johnston*, 15 La. (O. S.), 429. Likewise in some of the approved forms of common-law pleadings, especially in actions of debt on simple contracts, the word is used as denoting a debt presently payable. This appears from the omission of an averment to that effect. 2 Chitty's Pl., 385.

The foregoing authorities all tend to sustain the position that *indebted* or *indebitatus* is a legal term, having a legal signification, and that it implies a debt presently payable, and not *debitum in presenti, solvendum in futuro.* We think this is the legal significance of the term, and that it is so employed in the statute under consideration.

Probably the statement required in the affidavit that the indebtedness "is due upon contract," means nothing more than that it arose upon contract. It is quite apparent that the requirement relates only to the origin or nature of the indebtedness. But whatever may be the interpretation of the word *due* as employed in the statute, we are satisfied that all it can be claimed to express is better expressed in the averment of an *indebitatus.*

It follows from the foregoing views that the affidavit is sufficient, and that the defendant should have been allowed to introduce testimony under his answer.

I may be permitted to observe here, that the affidavit states substantially that there is a cause of action for the alleged indebtedness. Although we do not pass upon the point, I am strongly inclined to the opinion that this averment renders the affidavit sufficient, even though it should be held that, without the averment, the omission of the word *due* is fatal; for

if there is a cause of action upon the indebtedness, it seems that the debt must necessarily be presently payable.

There are some early cases in this court which hold a very strict rule in respect to the form of these affidavits. Among them are *Whitney v. Brunette*, 15 Wis., 61, and *Bowen v. Slocum*, 17 id., 181. But in several later cases such strictness has been greatly relaxed. *Oliver v. Town of La Valle*, 28 id., 328; *Mairet v. Marriner*, 34 id., 582; *Ruthe v. Railroad Co.*, 37 id., 344. In the two cases first cited, it was held that an affidavit for an attachment was fatally defective which failed to state, in terms, that the indebtedness was due. But these decisions went to a certain extent upon the literal terms of the statute, and the attention of the court was not directed to the legal effect of the statement of an *indebitatus*. In *Whitney v. Brunette* there were other defects in the affidavit, indisputably fatal. The rule of those cases was disregarded in *Ruthe v. R. R. Co.*, *supra*, and is in conflict with the conclusions we have reached in the present case. Those cases must, therefore, be considered thus far overruled.

In this connection reference should also be made to the case of *Blackwood v. Jones*, 27 Wis., 498. That was an attachment suit before a justice of the peace. The plaintiff's affidavit for the writ stated that the defendant "is indebted to this affiant in a sum exceeding five dollars, to wit, in the sum of eighty dollars, over and above all legal setoffs, and that the same is due for running certain logs from the Pigeon river to Wolf river in 1869." It was claimed that the justice obtained no jurisdiction of the action, because the affidavit failed to state, in the words of the statute, that the indebtedness was due " upon contract, express or implied." It is said in the opinion that the attachment was void for that reason, but the judgment for the plaintiff was sustained, on the grounds that the justice had jurisdiction of the subject matter of the action, and obtained jurisdiction of the person of the defendant by his making a general appearance to the action. Of course the

result would have been the same had the attachment been declared valid; and the assertion of its invalidity by the justice who prepared the opinion, is little more than mere *dictum*. At any rate, it was overruled in *Ruthe v. R. R. Co.*, *supra*, and we all think it was properly overruled.

In conclusion, we remark that we are of opinion that this affidavit will endure the test stated in *Miller v. Munson*, 34 Wis., 579. If the debt was not presently payable when the affidavit was made, no valid reason is perceived why perjury cannot be assigned upon the affidavit, if the same was made knowingly and corruptly.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for a new trial.