# GUARANTEE SAVINGS, LOAN AND INVESTMENT COMPANY

*v.*

# PENDLETON.

JUSTICES OF THE PEACE; SECURITY FOR COSTS; WAIVER.

Where in a justice of the peace suit, the justice, after a motion has been made by the defendant to dismiss the suit for failure of the non-resident plaintiff to give security for costs in accordance with Sec. 102, R. S. D. C., providing that non-residents shall not commence such suits without first giving such security, allows the plaintiff to give security, and then overrules the motion, and the defendant then appears and pleads to the merits and defends against a recovery, although without intending to waive the objection to the jurisdiction, the action of the defendant will be held to have waived a compliance by the plaintiff with the condition of the statute.

Original. No. 64. Submitted February 28, 1899. Decided March 9, 1899.

HEARING on a petition by a defendant in a justice of the peace suit for a writ of *certiorari* to a justice of the Supreme Court of the District, to which court the suit had been removed by appeal, and in which judgment had been entered against the petitioner, to have certified and returned to this court all the papers and pleadings in the cause. *Petition dismissed.*

The facts are sufficiently stated in the opinion.

*Mr. John A. Baker* for the petition.

*Mr. John E. Laskey* and *Mr. Richard C. Thompson* opposed.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an application for the writ of *certiorari*, to be directed to one of the justices of the Supreme Court of the District of Columbia, requiring him to have certified and returned to this court all the papers and proceedings in a certain cause lately depending in that court, wherein Edmund Pendleton was plaintiff, and the Guarantee Savings, Loan and Investment Company was defendant—the said cause having been taken into the said Supreme Court by appeal from a judgment of a justice of the peace on the prayer of the defendant, and there recently tried and decided by said Supreme Court in special term, against the defendant, who is the petitioner in this application. The application is founded upon the alleged want of jurisdiction of both the justice of the peace and of the Supreme Court in special term to hear and determine the cause.

The plaintiff, in the action before the justice of the peace, was and is a non-resident of the District of Columbia, and he instituted suit before the justice against the defendant, the present applicant, to recover a claim sounding in contract, without first giving security for costs, as required by the statute. Process was issued out and served, and upon return of process, and at the time fixed for trial, the defendant appeared by attorney and moved the justice to dismiss the suit because of the failure of the plaintiff in the suit to give security for costs before the commencement of the action. But the justice, instead of dismissing the suit, allowed the plaintiff to file a bond as security for costs, then overruled the motion to dismiss, and proceeded to trial. The defendant, while not intending to waive the objection to the jurisdiction of the justice, appeared to the case generally and interposed a plea in bar to a portion of the claim, and

14 Ct. App.—26

admitted the residue to be due and owing.   In other words, the defendant appeared and pleaded to the merits of the case.

The trial proceeded, the defendant participating therein, and produced evidence in defense.   The judgment was entered against the defendant for the full amount of the claim sued for; and the defendant took an appeal, and when the case was called for trial, the defendant, by its attorney, moved for a reversal and dismissal of the action, upon the ground of the want of jurisdiction of the justice of the peace to institute and try a suit, and also for the want of jurisdiction of the appellate court to hear and determine the case on its merits.   That motion was overruled, and the case was tried, and judgment of affirmance was entered against the defendant, the appellant to that court.   It is to avoid and have set aside as being without effect that judgment, that the petitioner presents this application.

The provision of the statute upon which the application is founded is contained in the Revised Statutes relating to the District of Columbia, and is in the following terms:

"Sec. 102.  Non-residents of the District of Columbia shall not commence suit before any justice of the peace without first giving security for costs."

The terms of the statute are certainly very positive and unqualified, and they are prohibitory, unless the giving of the security be waived by the defendant.

It is very true, as contended by the petitioner, that every power exercised by any court, and especially courts of special and limited jurisdiction, must be strictly in accordance with law.   And if the court is forbidden to exercise its powers or jurisdiction except under particular conditions, or only where it is approached in a particular way, the law withholds jurisdiction unless such conditions exist or are complied with, or the court is approached in the manner as prescribed by law. But there are certain conditions that are prescribed for the benefit and protection of defendants, and compliance with

such conditions may be waived or dispensed with by the action of the defendant. The general principle is, that consent will not confer jurisdiction of the subject matter of the suit, but consent may confer jurisdiction of the person. In this case the action or conduct of the defendant amounted to a waiver of the positive condition that the plaintiff should not commence his suit without first giving security for costs. The defendant had a right to appear specially to take the objection to the proceeding of the justice without the condition precedent having been complied with by the plaintiff. But having interposed that objection, he could not go farther and plead to the merits of the case without thereby waiving compliance by the plaintiff with the condition which required him to give security for costs before bringing his suit. The defendant could not be allowed to appear and plead to the merits, and defend against a recovery, and thus take the chance of obtaining a judgment in its favor which would operate as a discharge from the claim; but, at the same time, if judgment should go against it, that judgment should remain liable to be questioned for the want of jurisdiction in the court that rendered it. The law will not allow such an experiment to be made in its administration.

In the case of *Railway Co.* v. *McBride*, 141 U. S. 127, it was held that where the case was one of which the court could take jurisdiction, a general appearance to the merits by the defendant waived all defects in the service of process, and all special privileges of the defendant in respect to the particular court in which the action was brought. That the right of the defendant to insist upon suit against him being brought only in the district whereof he was an inhabitant was a personal privilege which he might waive, and that he did waive it by pleading to the merits.

In that case, the Supreme Court said: "Assume that it is. true, as defendant alleges, that this is not a case in which jurisdiction is founded only on the fact that the controversy is between citizens of different States, but that it comes

within the scope of that other clause, which provides that 'no civil suit shall be brought before either of said courts, against any person, by any original process or proceeding in any other district than that whereof he is an inhabitant,' still the right to insist upon suit only in the one district is a personal privilege which he may waive, and he does waive it by pleading to the merits. In *Ex parte Schollenberger*, 96 U. S. 369, 378, Chief Justice Waite said: 'The Act of Congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the court. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive.'"

The same principle was very clearly stated and amply supported and illustrated by the citation of cases upon the subject, in the case of *Central Trust Co.* v. *McGeorge*, 151 U. S. 129, 133.

It is contended on behalf of the petitioner that having appeared specially and made the objection to the proceeding of the justice, for the want of the security for costs, that its rights as against the proceeding and judgment thereon are preserved, notwithstanding that it subsequently appeared and pleaded to the merits of the case, and resisted the recovery of judgment for more than was admitted to be due and owing. But that contention is not according to the principle established by the decisions.

It seems to be settled by unquestionable authority, that the effect of a general appearance, after having appeared specially and made an objection which has been overruled, is the same thing as if no such objection had been made. By appearing afterwards and contesting the case on the merits, a defendant loses his right to contest the ruling of the court below on his objection to the jurisdiction on appeal. And this was the view, manifestly, of the learned justice who tried this case at special term on appeal. If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make that

objection. This principle, reasonable and just in itself, has been laid down as established doctrine in several well-considered cases. *Lowe* v. *Stringham*, 14 Wis. 241; *Blackwood* v. *Jones*, 27 Wis. 498; *Thayer* v. *Dove*, 8 Blackf. 567; *Kronski* v. *Railway Co.*, 77 Mo. 362; Works on Courts and Jurisdiction, 123, and the cases cited by the author.

It follows from what we have said that there is no ground for the application in this case, and that the petition for *certiorari* must be dismissed with costs; and it is so ordered.

*Petition dismissed.*