HENRY C. KENNARD et al., Trustees, *vs.* RICHARD BERNARD.

*Trusts—Powers of Substituted Trustees—Appointment of New Trus-tee in Equity.*

A testator who owned certain property jointly with his son devised the same to his son as trustee with full power to sell, mortgage or dispose of it at public or private sale, as if it were the trustee's property, and without any obligation on the part of purchasers to see to the applica-tion of the purchase-money.    After the death of this trustee a Court of equity appointed new trustees with the like power and authority. *Held*, that the power of sale, etc., conferred by the will is a power an-nexed to the office of trustee and not a confidence reposed in the first trustee personally, and that consequently the substituted trustees are entitled to exercise the powers of sale given by the will.

514     KENNARD vs. BERNARD.

Under Code, Art. 16, sec. 79, a Court of equity is authorized to appoint a new trustee of property devised in trust although all the persons interested are not made parties to the proceeding.

Appeal from the Circuit Court of Baltimore City (DENNIS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Henry C. Kennard*, for the appellant.

*Richard Bernard*, appellee, *in propria persona*.

BRISCOE, J., delivered the opinion of the Court.

The controversy in this case involves the construction of certain clauses of the last will and testament of Samuel S. Clayton, late of Baltimore City, deceased.

The material facts as disclosed by the record and upon which the questions to be decided arise, are as follows :

Mr. Clayton died in January, 1896, leaving real and personal estate of large value, located in Maryland and Virginia. A portion of this property he owned jointly with a son, James E. Clayton. By the fourth clause of his will he devised as follows : "As to all the rest and residue of my property (except such as I may own jointly with my son James E. Clayton) I desire my said trustees—my son James E. Clayton and the Baltimore Trust and Guarantee Company—to have absolute and exclusive control and management, with full power to sell, mortgage, pledge, exchange, develop, reinvest or otherwise deal with or dispose of the same or any part thereof either at public or private sale in their absolute discretion and to transfer and convey any and all of said rest and residue, whether real or personal property, when as they in their best judgment and discretion may deem it advisable to do so, without the intervention of the Orphans' Court, or any other Court in any way, whether by previous order or subsequent ratification and without the necessity for the joinder of any *cestui que trust* in any transfer or conveyance thereof and without any obligation on the part of any grantee or transferree to see to the applica-

tion of the purchase-money. It being my intention that my said trustees shall have the same power and discretion in the management, control, development, investment, reinvestment, repair and disposition of the property so left in trust to them as if it was their own property."

By the fifth clause, he gave and devised as follows: "That portion of my property of every kind which I own jointly with my son, James E. Clayton, I give, devise and bequeath to my said son as sole trustee, with the same absolute power and discretion in every way, in connection therewith as is granted by the fourth clause of this my will to my said son and the Baltimore Trust and Guarantee Company, trustees for that portion of my property owned by me separately. And I desire and direct my said son, in the event of the sale of any portion of the property so owned by us jointly, to pay over that portion of the proceeds of such sale which belongs to my estate, to himself and the Baltimore Trust and Guarantee Company to be invested by them and held subject to the same trust hereinbefore declared as to the other property left to them in trust."

James E. Clayton, died in June, 1902, leaving a last will and testament by which he appointed the appellants as executors and trustees giving power to the trustees to dispose of his property, according to certain trusts declared therein.

The appellants were subsequently appointed by the Circuit Court of Baltimore City, trustees, for the joint property held by James E. Clayton as sole trustee, under his father's will, with the like power and authority as was given the original trustees.

On the 18th of March, 1903, the appellants, as such trustees, sold to the appellee an undivided half interest in fee in a certain unimproved lot, in Baltimore City, being the interest of Samuel S. Clayton, in a part of the property, held jointly, with his son. Subsequently the appellee as purchaser of the property filed exceptions to the ratification of the sale and alleged as reasons therefor; that the property sold to the appellee was a portion of the property which Samuel S. Clayton

owned jointly with his son, James E. Clayton, and under the
terms of the will the power of sale vested in the testamentary
trustee, James E. Clayton, was a special confidence reposed
in him as trustee, and did not pass to the substituted trustees
or either of them, and that a merchantable title in this case
could only be made an equity proceeding when all the parties
in interest are before the Court.

The Court below sustained the exceptions and vacated the
sale, and from this order the appellants have appealed.

Upon the first question here raised this Court, in the recent
case of *Mercer* v. *Safe Deposit and Trust Co.*, 91 Md. 119,
held, if it appears that the power lodged with the trustees in
connection with the trust is a special confidence reposed in the
particular trustee, or set of trustees or is to be exercised only
upon his or their personal judgment and discretion such power
can only be exercised by the designated donees, and will not
pass to the substituted trustees.   On the other hand, if it ap-
pears that the power is annexed to the office of the trustee for
the purposes of the trust and to promote its objects, then it
will pass with the trust to the successors of the original trus-
tees, and can be exercised by them.   In all such cases the
question is one purely of intention to be ascertained from a
fair construction of the whole will and the nature and objects
of the trust thereby created.

There can be but little doubt, that the power conferred by
the testator in the 5th clause of this will, is a discretionary
power, for the will provides, that the trustee shall sell, mort-
gage, &c., &c., in his discretion, and he shall transfer and con-
vey, the property, when in his judgment and discretion he may
deem it advisable to do so.   But it is said, in *Safe Deposit and
Trust Co.* v. *Sutro*, 75 Md. 365, there is a broad distinction
between a discretionary power, ministerial in its character and
connected with the management of the trust estate, such as the
power to sell or lease, and a power personal in its character
and to be exercised entirely as a matter of personal judgment,
as where the discretion is left to trustees to make or withhold
a gift or consent to a marriage.

Upon a careful examination of the will here in controversy and looking to the nature and objects of the trust created, we do not think, that the power and discretion conferred by the testator upon his son, James E. Clayton, as trustee of his joint property, is a personal power conferred by reason of some special confidence reposed in him, and to be exercised by him alone, but it is a power annexed to the office of trustee for the purposes of the trust and to promote its objects, and as such to be exercised by any one who may be appointed to discharge the trust. There is nothing in the character, nature or objects of the trust under the will, to indicate a different intention on the part of the testator.

It appears from the will that the son owned one-half of the joint property and the testator deemed it best for the better promotion of the objects of the trust that he should have control over the whole, so long as the property remained in that condition, but as soon as the joint property was sold, he directs that the proceeds should be paid over to the trustees of his separate estate. In other words, he provided two sets of trustees, one for the management of his separate property and the other for his joint property, so long as it remained in that condition. The joint estate was a large and valuable one, and it is stated by the appellant in his brief that all the property with the exception of certain mineral lands in Virginia, is today in the same condition and under the same ownership as when the will was made.

We are of opinion, for the reasons given, that the power conferred by the testator in the fifth clause of the will, now before us for construction, is a power attached to the office of trustee for the purposes of the trust, and to promote its objects, and is not a personal power conferred on the trustee by reason of special confidence reposed in him, and that the trustees had the power under the will to sell the property in question.

It is contended, however, that the Court was without jurisdiction to make the appointment of trustees in this case because all the parties in interest were not made parties to the

proceedings.    There is no force in this objection.    Under the provisions of the Code, Art. 16, sec. 79, upon the petition of any person interested in the property the Court may appoint the trustee.    *Fulton* v. *Harman*, 44 Md. 251; *Zimmerman* v. *Fraley*, 70 Md. 566; *Sloan, &c.*, v. *Safe Deposit Co.*, 73 Md. 245.

It follows from what we have said, that the decree will be reversed and the cause remanded, to the end that the sale made to the appellee may be ratified and confirmed.

> *Decree reversed and cause remanded,*
> *the costs to be paid out of the trust*
> *estate.*

(Decided January 15th, 1904.)