# FRANCIS M. JENCKS

## *vs.*

## SAFE DEPOSIT AND TRUST COMPANY OF BALTIMORE, Substituted Trustee.

*Wills*: construction.  *Trustees*: survivorship; right of successor.

A will contained the following provision: "I appoint my sons-in-law, J. S., J. I. M. and J. H. B., my executors and trustees, for the purposes hereinafter mentioned, and in the event of the death or failure of either to act, in his or their stead, either of my friends (naming them), so as not to have more or less than three. I then devise and bequeath all my estate, real, personal and mixed, to my three sons-in-law, J. S., J. I. M. and J. H. B., or in the event of either one or more of them declining or intentionally failing to act or accept the trust, then in his or their stead one or more of the other friends previously named as may be preferred and chosen by my two daughters, H. S. G. M. and H. G. B., and my granddaughters, E. A. L. and F. S., or their father or other competent, discreet friend choosing for them, my grandchildren, or such of the three as may accept the trust hereinafter mentioned, and the survivor or survivors of them, their heirs and assigns forever." In construing this will, it was *held,* that, although the intention of the testator was that there should be three trustees to perform the important act of dividing all the estate into three parts, as elsewhere provided in the will, yet that afterwards the *survivors* or *survivor* of them should execute the duties of the trustee, with the same powers and responsibilities as the original three possessed.          p. 630

Upon the petition of *any person* interested in a trust estate, a Court will appoint a trustee in the stead of a deceased trustee, and the fact that contingent remaindermen were not parties and their assent was not obtained does not affect the validity of the powers of the trustee so appointed.          p. 631

When a trustee named in a will has powers of sale not personal
to him merely, such powers survive to a new trustee appointed
in his place.                                    p. 632

*Decided April 25th, 1913.*

Appeal from the Circuit Court of Baltimore City (BOND,
J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and
CONSTABLE, JJ.

*Thomas B. Marshall,* submitted the cause on a brief for
the appellant.

*T. Roland Slingluff,* for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

By the last will and testament of Lambert Gittings, who
died in 1887, he left a large estate to three trustees, named
therein, directing them to divide the residue of the estate
into three equal parts as to value.  One of said parts they
were to hold for the separate use and benefit of his daughter
Harriet S. G. Middleton, for life, with certain stipulated
remainders over; another part for the use and benefit of an-
other daughter, Henrietta G. Buchanan, for life, with cer-
tain stipulated remainders over, and the remaining third part
for the use and benefit of three children of a deceased
daughter of the testator, until they each attained the age of
thirty years, at which time the trustees were to convey to
each its share clear of the trust, to be held by it, for life,
with stipulated remainders over.

The trustees, who were also the executors of the will, took
over the property, and after having divided it into three equal
parts, and the daughters and grandchildren, following the
provisions of the will, having made selection of the part to

be held respectively for them, proceeded to administer the three parts as distinct and separate trusts. The children of the deceased daughter all having reached the age of thirty have had their share turned over to them or trustees for them. The three trustees performed the duties of the trusts as to the remaining two-thirds of the estate until the death of one of the trustees, after which the two surviving continued the management up and until the death of one of the survivors. Then, until May, 1911, the sole survivor performed and managed the trusts, at which time he died. After the death of the last trustee Henrietta G. Buchanan filed a petition in the Circuit Court of Baltimore City, setting forth the above facts, and praying the Court to assume jurisdiction of the share of the trust estate of Lambert Gittings set aside for her and to appoint the Safe Deposit and Trust Company of Baltimore sole trustee for her said share of the estate. Filed with the petition was an assent in writing, signed by all the children of Mrs. Buchanan holding vested interests in the estate and recommending the appointment of the said Safe Deposit and Trust Company of Baltimore as sole trustee.

The Court thereupon assumed jurisdiction of the trust, and appointed the Safe Deposit and Trust Company of Baltimore trustee thereof, with the same powers, duties and responsibilities in regard to the trust estate as were vested in or imposed upon the former trustees.

The substituted trustee afterwards sold to Francis M. Jencks, the appellant in this case, an unimproved lot of ground belonging to the trust estate, and reported the sale for ratification to the Court. The purchaser, or appellant, filed exceptions to the ratification of the sale. The ground of his exceptions was that the substituted trustee could not convey a good marketable title to the property reported as sold, because (1) under the will of Lambert Gittings three trustees were required to act, and, therefore, one trustee could not exercise the powers under the will; (2) all parties in interest were not made parties in the proceedings in which the sub-

stituted trustee was appointed, and (3) the trustee or trustees had no power of sale over the corpus of the trust estate.

The Court overruled the exceptions and ratified the sale, and the appeal is from that order.

The contention of the appellant, that there must be three trustees to exercise the powers under the will, is based upon the wording of the first paragraph of the will, which is as follows:

"I appoint my three sons-in-law, James Simons, John Izard Middleton and James Hollis Buchanan, my executors and trustees, for the purposes hereinafter mentioned, and in the event of the death or failure of either to act, then, in his or their stead, either of my friends, George H. Williams, Richard J. Gittings, George M. Johnson, Thomas P. Jenkins, or my young friend, A. C. Cazenove, so as not to have more or less than three. I then hereby devise and bequeath all my estate, real, personal and mixed, to my three sons-in-law, James Simons, John Izard Middleton and James Hollis Buchanan, or in the event of either one or more of them declining or intentionally failing to act or accept the *trust,* then in his or their stead, either one or more of the other friends previously named as may be preferred and chosen by my two daughters, Harriet S. G. Middleton and Henrietta G. Buchanan, and my granddaughters, Eleanor A., Louisa and Fannie Simons, or their father or other competent, discreet friend choosing for them, my grandchildren Simons, or such of the three as may accept the *trust* hereinafter mentioned, and the survivor or survivors of them, their heirs and assigns, forever."

Having used the words "so as not to have more or less than three" the claim is that the intention of the testator to have three trustees at all times is clear and binding. The appellee contends and with some force, that the use of the word "trustee" in the first sentence of this paragraph was a mere inadvertence. That this part of the paragraph was dealing

with the appointment of executors only and that the language referred to had only reference to the executors. They ask, why, if in this first sentence he meant to appoint the trustees as well as the executors, did he find it necessary in the very next sentence, creating the trust, to name them over again practically the same as in the first sentence. Citing authority, they ask the Court if, in construing the will, it feels that the testator improvidently used the word "trustees" in the first sentence and meant the restriction "not less than three" to apply to executors only, to then strike out the word trustees. There is no doubt but that the reasoning has some force, but we think there is no question under our settled rules of construction of wills that the testator did intend to have, as he has clearly expressed it, not only three executors but three trustees, and not less than three. We do not think however, from a reading of the whole will, that he intended there should at all times be three trustees. He has not expressed this intention, but on the contrary in the final portion of the quoted paragraph of the will, has expressly devised and bequeathed the estate to "such of the three as may accept the trust hereinafter mentioned and the *survivor or survivors* of them." Further on in the will this intention is emphasized, when after the selection by his daughters and grandchildren, of the parts to be held for their use, has been made, he provides that "It is my will that my said trustees their survivors or survivor shall hold each part, etc." Unquestionably the reading of the will shows, that it was the clear intention of the testator that there should be three trustees to perform the important task of dividing his large estate into three parts, but that afterwards the survivors or survivor should exercise the duties of the trusts, with the same powers and responsibilities as the original three possessed.

The next objection is that all persons in interest were not parties to the proceedings in which the appellee was appointed substitute trustee.

This will has been before this Court twice before for construction and the reported cases are *Dulany* v. *Middleton,*

72 Md. 67, and *Johns Hopkins University* v. *Middleton,* 76 Md. 186. In the former case the Court decided that under the will the children of Mrs. Buchanan took a vested interest, though postponed in enjoyment during the life of Mrs. Buchanan. While the appointment of the appellee as trustee was made upon the *ex parte* petition of Mrs. Buchanan the children representing all the vested interests joined in the application and recommended the appointment of the appellee. The appellant contends since the will provided that in the event of the death of either of the daughters or grandchildren without issue living, there should be cross executory limitations over to the surviving daughter and grandchildren of their descendants, that the contingent remaindermen should have been made parties or their consent obtained to the appointment of a trustee.

It appears that Mrs. Buchanan had six living children at the time of filing the petition; four of whom were married and three of whom had children. The possibility that upon her death she would leave no issue surviving her seems indeed remote. It would seem that the principles of representation was fully applicable here, but this is not necessary, for we have authority in *Kennard* v. *Bernard,* 98 Md. 513, that, upon the petition of *any person* interested in a trust estate, the Court will appoint a trustee in the stead of a deceased trustee, making the provisions of Code (Bagby's), Art. 16, sec. 94, applicable to cases of this character.

The final objection raised by the appellant to the ratification of the sale, that no power of sale of the corpus of the estate is given by the will, has been definitely settled by the former cases in which the provisions of this will were construed by this Court. In the case of *Dulany* v. *Middleton, supra,* the appeal was from a decree passed by the lower Court which, as to the power of sale, was in the following form: "And it is further adjudged, declared and decreed that the said trustees are by the said will invested with full power to sell any part of the real or personal estate for any of the following purposes, viz, 1. The payment of debts or

legacies.   2. To effect a division of the estate between the
testator's two daughters and the Simon's grandchildren, and
any sub-division of the share of the latter, as may be advis-
able in the discretion of the trustees; and 3, to change any
investments whether of real or personal property in their dis-
cretion."   Judge Alvey, in delivering the opinion of this
Court on the appeal, said: "With respect to the powers of
the trustees, to sell any part of the real or personal estate,
to pay debts or legacies, or to effect division among the de-
visees and legatees, according to the directions of the will;
or to make or change investments, whether of real or personal
property, in their discretion, the terms of the will would
seem to admit of no question."   And in *Johns Hopkins Uni-
versity* v. *Middleton, supra,* the same right in the trustees is
announced.

The power of the sale being in the former trustees, and
not being a purely personal power, survives to the new trus-
tee.

We will therefore affirm the order of the lower Court, but
since the appellant has assured us that he is anxious to ac-
quire the property and brought this proceeding only to assure
the title, we will direct the costs to be paid out of the estate.

*Order affirmed, costs to be paid out of
the estate.*