## TOTTEN et ux. v. HARLOWE et al.
### No. 6675.

United States Court of Appeals for the District of Columbia.

Argued Nov. 18, 1936.

Decided Dec. 21, 1936.

Edward S. Duvall, Nelson Wilson, and Jacob N. Halper, all of Washington, D. C., for appellants.

Paul E. Lesh and B. Woodruff Weaver, both of Washington, D. C., for appellees.

Before MARTIN, C. J., and ROBB, VAN ORSDEL, GRONER, and STEPHENS, JJ.

PER CURIAM.

In this appeal appellants ask to have set aside a substitution of trustees under a deed of trust executed in October, 1929. Four hundred and ninety notes aggregating $385,000 were made and delivered on the security of the property conveyed in the trust. The original trustees were Luther A. Swartzell and Edmund D. Rheem. Good cause existed why they should be removed and new trustees substituted, and in February, 1931, a suit was instituted by Elizabeth S. Moore for this purpose. In March, 1931, the Supreme Court of the District made a decree in her suit substituting Francis W. Hill, Jr., and the Second National Bank of Washington as trustees. In the Moore suit no other noteholder appeared or was made a party, nor was the action prosecuted as a class suit. In November, 1932,

appellees, holding notes of an approximate value of $88,000 secured by the deed of trust, sought in the same court judicial foreclosure of the trust and the appointment of a receiver pendente lite, alleging default in payment of taxes. The court appointed a receiver, who operated the property continuously thereafter until November 27, 1935, when the decree now appealed from was signed. The receiver paid the taxes and ended the default. Howe Totten, one of appellants, was at the time of the institution of the suit owner of the property, and Priscilla S. Totten, coappellant, his wife, was made a party solely because of her inchoate right of dower. Subpœnas were directed to both appellants, and Howe Totten appeared—but Mrs. Totten was not served, though an alias subpœna and a pluries subpœna were issued during the progress of the receivership. A second pluries subpœna was issued in 1934 and served.

The first question presented arises as the result of her motion, by special appearance, to quash the service of this subpœna for failure to serve within proper time. The trial court found there had been no discontinuance and no prejudice and overruled the motion. This was correct. Besides—Mrs. Totten has since pleaded to the merits and thus waived her special appearance. See Guarantee Savings, Loan & Inv. Company v. Pendleton, 14 App.D.C. 384; Boss v. Hagan, 49 App. D.C. 106, 261 F. 254, 8 A.L.R. 1508.

On December 5, 1934, the lower court granted appellees' motion for leave to file an amendment to the bill designed to secure the appointment of new trustees on the theory that the substitution of trustees in the Moore suit had been ineffectual. Appellants answered this amendment on December 26th. Thereafter, in February, 1935, they moved to set aside the order appointing the receiver, alleging payment of the taxes, to which motion appellees countered by asking leave to file an amendment alleging default in the payment of the principal of the debt. Leave to amend was in this instance denied.

What the court below did was to confine the amendment of the bill to the single object of securing a reappointment of the same trustees. The complaint was otherwise dismissed, and the only error complained of by appellants on this appeal is that the same trustees formerly appointed in the Moore suit were reappointed in the present suit, the theory being that the appointment in the first instance was in all respects correct and that the action of the court in holding it ineffectual was error. But in either case the result is the same. In this respect nothing that happened can prejudice appellants' interests, and therefore there is nothing of a practical nature of which they may complain. The court, in declining to permit an amendment of the bill to show a default in the entire debt, went as far in their favor as they had any right to expect or to demand, and the case below left them in possession of the property in spite of the default and with the same trustees, of whom they do not complain. In these circumstances it seems to us that the appeal is wholly bootless, since in either view the result will be the same. However, since the question whether the substitution in the Moore suit was or was not correct was urged on us, we have given that question consideration. The statute (title 25, § 204, D.C.Code of 1929) provides that whenever it becomes proper to appoint new trustees "it shall be lawful for any party interested in the execution of such trusts to apply to said court by petition, setting forth the appropriate facts and asking for the appointment of a new trustee in his place, * * * *Provided,* That any rule to show cause issued in such case shall be served upon the existing trustee, as provided in said sections [sections 201, 209]." While we are of opinion that the statute might desirably have contained a provision requiring notice, actual or constructive, to *all* parties in interest, it does not; and a similar statute in the state of Maryland (Code Pub.Gen.Laws 1924, art. 16, § 97), applicable to the appointment of trustees to sell and apply the proceeds of a decedent's real or personal property to the payment of debts, provides: "the court, upon the petition of any person interested in the sale of such property, may appoint a trustee," etc. And the Court of Appeals of Maryland, construing this statute, which it will be observed is in almost identical language with that of the District of Columbia, said: "It is contended, however, that the court was without jurisdiction to make the appointment of trustees in this case, because all the parties in interest were not made parties to the proceedings. There is no force in this objection. Under the provisions of Code, art. 16, § 79, upon the petition of any person interested in the property the court may appoint the trustee." Kennard v. Bernard, 98 Md. 513, 56 A. 793, 794.

The same doctrine is announced in Jencks v. Safe Deposit & Trust Co., 120 Md. 626, 87 A. 1031, and Fulton v. Harman, 44 Md. 251. In all three cases the Court of Appeals of Maryland held that it was not necessary to have a class or representative suit, but that by the terms of the statute the application could be made by *any* party in interest. Because a contrary view of this question might disturb titles to real estate acquired through substituted trustees appointed at the instance of only a part of the parties in interest, and because also of the precise language of the statute itself and the lack of procedural provisions providing for bringing in other parties, we adopt the view expressed by the Maryland court, and in that view we are of opinion that the appointment of trustees in the Moore suit was validly made. But because in this case there was no prejudice to appellants, and because also all parties in interest were properly before the court, and the court under those conditions had undoubted jurisdiction to appoint new trustees if proper cause was shown therefor, we are of opinion that the substitution of the same trustees in the later suit was harmless error and, therefore, affirm the decree of the court below.

Affirmed.