## MAYHEW and another vs. DUDLEY.

1. ATTACHMENT — Under the statute (Wis. Stat. 1839, 165), "if any creditor, his agent or attorney, makes oath, in writing, before any *proper* officer, that his debtor has absconded as he verily believes," such creditor is *thereupon* entitled to a writ of attachment ; the affidavit being made according to the statute, there is no discretion left to the officer, but the right of the creditor to the writ is absolute.
2. AFFIDAVIT AND INDORSEMENT — If the affidavit set forth either of the other causes mentioned in the statute for the writ, the person making it must satisfy the officer before whom the oath is taken of the truth of the cause stated ; and such officer must indorse upon such affidavit his satisfaction of the truth of the facts therein stated, before the writ can be issued.
3. SAME — The affidavit for a writ of attachment, under this statute, is not traversable (DUNN, C. J., *dissenting*) ; but the legal sufficiency of the steps taken to procure the writ is a matter for adjudication by the court.

4. SAME—Any officer authorized to administer oaths generally, is a *proper* officer within the meaning of the statute, before whom the affidavit may be made. MILLER, J., *dissenting.*

ERROR to the District Court for *Milwaukee* County. The case is stated in the opinion of the court.

*Wells, Crocker & Finch,* for plaintiff in error.

*John H. Tweedy,* for defendant in error.

IRVIN, J.   This case came up on error to the decision of the district court of Milwaukee county, made and pronounced at the June term thereof, A. D. 1840.

The case is as follows : *Jonathan Mayhew* and *Thomas J. Dudley,* on the 27th day of May last, sued out of the clerk's office of said county a writ of attachment against the lands, tenements, goods, etc., of *William M. Mayhew,* upon the affidavit of said *Thomas J. Dudley,* stating "that one *William M. Mayhew* is justly indebted to *Jonathan Mayhew* and *Thomas J. Dudley* in the sum of $6,800 and upward ; and further, that said *William M. Mayhew* is about fraudulently to dispose of his property and effects, so as to hinder and delay his said creditors, and further saith not," which affidavit was filed on the same day.   At the following term of the district court (as above stated), the defendant appeared and moved the court to quash said writ of attachment, and for the following reasons, viz. : for that the affidavit on which said writ was issued is insufficient in form and substance, that the facts stated therein to be true, are false ; and for other irregularities in the issuing and service of said writ.

The first objection is, that the affidavit is not true : And the second is, that it is insufficient.   The court overruled the first, and quashed the attachment upon the ground that the clerk of the district court, before whom the affidavit was made, was not the *proper officer* before whom to make said oath, and that he did not indorse that he was satisfied.   Although the court here concur

Mayhew and another vs. Dudley.

with the court below in that part of the reason for quashing the writ of attachment, it is, nevertheless, done for other and different reasons, in part, and they will best be shown by noticing the objections in their order.

By the law making provision for creditors to proceed against their debtors by attachment (Statutes of Wisconsin, 165), it is enacted that "if any creditor, his agent or attorney, shall make oath in writing, before any proper officer, that his debtor has absconded as he verily believes," he shall have a writ of attachment. Under this oath there is no discretion left to any officer about the right to said process, the oath made, his right is absolute, but not so with the balance of the statute, which is as follows: " or shall *satisfy* such officer that such debtor is about to abscond to the injury of his creditors, or that such debtor is not a resident of this Territory, or that he so conceals himself as to avoid the service of process, or that such debtor is about to remove his property or effects out of the Territory, or is about fraudulently to remove, convey, or dispose of the same, so as to hinder or delay his creditors, and shall file the same with the clerk of the district court, such clerk shall issue a writ of attachment," etc. And, if any clerk shall issue such writ without oath filed as aforesaid, such writ shall be quashed at his cost. The oath made herein is in one of the subsequent alternatives of the statute, that is, that he, the debtor, was about fraudulently to convey his property, etc., but of the truth of which he had to satisfy the officer before whom he made the oath, before he could regularly obtain a writ. Did he so satisfy said officer? And, if he did, where is the evidence of that satisfaction? We answer nowhere, and, if it nowhere appears, could the clerk properly and legally issue said writ? We again say no, for the satisfaction of the officer before whom the oath is made is an indispensable pre-requisite, and that can regularly appear in no other way, than by his own indorsement of the fact, that he is satisfied of the truth of the

Vol. I.—7.

Mayhew and another vs. Dudley.

statement of the deponent. In this case, the officer has made no such statement, but has only administered the oath to the deponent, and makes no intimation of his satisfaction of its truth. For that reason, then, we think the writ should have been quashed.

It is the opinion of a majority of the court (Chief Justice DUNN *dissenting*), that the truth or falsity of the affidavit is not traversable in the district court, but at the same time that they so decide they unanimously decide that the legal sufficiency of the steps taken to procure such writ is a matter for the adjudication of the court.

The court here cannot concur with the court below in the opinion that the clerk of the district court is not a proper officer before whom the oath may be made, and must, therefore, overrule that part of his decision, believing, as we do (his honor Judge MILLER *dissenting*), that any officer authorized to administer oaths generally is a *proper* officer within the meaning of the statute.

It is, therefore, considered and adjudged that the judgment of said district court in quashing said writ of attachment and dismissing all proceedings thereon be and the same is hereby affirmed, with costs, and that the same be certified to said district court to be proceeded thereon according to the law.