Bowen et al. vs. Slocum et al.

_____

### BOWEN and others vs. SLOCUM and another.

Although chap. 101, Laws of 1859, requires a certain affidavit to be made only before a writ of attachment is "executed," and provides that such a writ may be dismissed on motion, if the judge shall determine that it was irregularly *obtained* or *issued*, yet it must still be held that such writ may be set aside when the affidavit attached to it is defective.

A statement in an affidavit for attachment, that the defendants are indebted to the plaintiffs in a sum named, "over and above all legal set-offs, and that the said indebtedness is for a bill of merchandize purchased by said defendants of said plaintiffs," does not show that the sum named is "*due.*"

The word "due," as used in the statute, signifies that the day when payment ought to be made, has arrived.

Whether the facts stated in said affidavit sufficiently show that the indebtedness is on contract, without an express averment of that fact, it was not necessary to determine in this case.

APPEAL from the Circuit Court for *Walworth* County.

This appeal was taken by the plaintiffs from an order of the judge of said circuit court, setting aside an attachment and all proceedings under it, on the ground that the affidavit attached to the writ did not comply with the requirements of the statute. The affidavit states that the defendants are indebted to the plaintiffs in a certain specified sum, "over and above all legal set-offs, and that the said indebtedness is upon a bill of merchandize purchased by said defendants of said plaintiffs," &c., but does not expressly aver that such indebtedness is "due upon contract."

*Wm. E. Sheffield*, for appellants :

1. A writ of attachment cannot be set aside, under our statute, on motion of the defendant therein, unless it appears to

have been irregularly obtained or issued. Laws of 1859, ch. 101, sec. 6. The entire want of an affidavit does not constitute such an irregularity, as the statute only requires that the affidavit shall be made and attached to the writ before it is executed by the sheriff, and not before it is issued. Sec. 2, ch. 130, R. S., as amended by sec. 2, ch. 101, Laws of 1859. 2. The affidavit in this case is regular. It is not necessary that it should allege that the claim is due. Such a requirement would be wholly needless, as the writ issues only in aid of a suit already pending, which could not be maintained unless the claim upon which it was brought was due at the time of its commencement. 13 Wis., 222. The words of the statute, "is due upon contract," simply mean "is owing upon, or arose out of, contract." This is evident from similar expressions elsewhere in the statute. R. S., ch. 127, secs. 2 et seq.; ch. 124, sec. 3; ch. 120, sec. 5; ch. 132, sec. 27; ch. 140, sec. 16; 6 Abbott's Pr. R., 344. The allegation that the claim arose upon "contract express or implied" might be sufficient. 13 Wis., 222. But it is certainly much better to allege the facts which draw after them the legal conclusion that the claim is upon contract as was done in this case.

*Wm. C. Allen,* for respondents.


*By the Court,* PAINE, J. The court below dissolved the attachment for defects in the affidavit attached to the writ. The appellants contend that this was error, for the reason that even the entire absence of an affidavit would not constitute such an irregularity as would justify setting aside the attachment.

The argument is based upon the change of the law effected by chapter 101, Laws of 1859. The Revised Statutes, chap. 130, sec. 2, had previously required the affidavit to be made before the writ was "issued." By the amendment the word "issued" is stricken out, and the word "executed" substituted for it. Then in section 5 of the amendatory act, it is provided that the writ may be dismissed on motion if the judge shall

determine that it was "irregularly obtained or issued." Upon these changes the appellant contends that the legislative intent appears to allow the writ to be issued without any affidavit, and that as it is to be set aside only for irregularity in "obtaining" or "issuing" it, therefore it ought not to be set aside for irregularity in executing it. As a mere question of verbal criticism and interpretation there is some force in this reasoning. But it is hardly probable that by this mere change of language the legislature intended to allow these writs to be executed without any affidavit at all. It may have been supposed more convenient in some cases to allow the party to obtain the writ without previously making the affidavit. But the fact that the necessity for the affidavit still remains, and that it is made a condition precedent to the execution of the writ, shows that there was no design to dispense with it. And when in section 5 they speak of setting aside the writ for irregularities in "obtaining or issuing it," they must be held to include in the word "obtaining" at least, all the steps necessary to the procurement of a writ authorized to be executed.

The question then remains, whether this affidavit was sufficient. The statute requires the affidavit to "state," among other things, that the defendant is "indebted" to the plaintiff, "and that the same is due upon contract express or implied," &c. This affidavit states the indebtedness, and that it was for goods sold. And the appellant contends that although there is no express statement that the indebtedness was upon contract, yet the facts stated show that it was, and this is a substantial compliance with the statute. Perhaps this position could be sustained; but it is not necessary to determine the point here. But there is nothing in the affidavit stating or showing that the debt sued for is "*due.*" The appellant urges that the words "due upon contract," &c., were intended only to require the party to show that the debt arose upon contract. But although that was clearly a part of the intention, it cannot be assumed to have been the whole. The word "due" has a well defined

meaning, when applied to indebtedness, which is, that the day when payment ought to have been made has already arrived. In view of this fact, and of the fact that several states have enacted special provisions, allowing attachments in certain cases before the debts sued for are due, it would seem that the only interpretation which can give full effect to the language of our statute, is, that it requires the affidavit to show, not only that the debt arose upon a contract, but also that it was due.

The affidavit in this case might be literally true, although the debts claimed were, by the express agreement of the parties, not payable until long after the affidavit was made. The party making it could, therefore, not have been indicted for perjury, although he knew such to have been the case. And it was the design of the law, before it would allow this summary, and sometimes severe and destructive remedy, to be used, to require all the facts showing a present right to use it to be stated upon oath.

For these reasons the attachment was properly set aside; and the order is affirmed, with costs.