WILEY vs. C. AULTMAN & Co. and another.

*November 22 — December 13, 1881.*

*Affidavit for Attachment.*

1. An affidavit for an attachment (under sec. 2731, R. S.), not made by the attachment plaintiff, which not only fails to show that the affiant is an agent or attorney of the plaintiff (or, in case of a plaintiff corporation, an officer thereof), but even fails to show in any way that he makes the affidavit *in behalf* of the plaintiff, is insufficient.

[2. This court is inclined to think that such an affidavit should not only state that it is made in behalf of the plaintiff, but should also state the affiant's relation to the plaintiff, and his knowledge as to defendant's indebtedness.]

APPEAL from the Circuit Court for *Waushara* County.

The case is thus stated by Mr. Justice TAYLOR:

"This is an action of trespass, for the wrongful taking and conversion of personal property. The defendants alleged that the property in question was the property of Chamberlin and Schenck, and that they had seized the same upon an attachment issued in favor of the defendants *C. Aultman & Co.,* a corporation of that name, and against the said Chamberlin

and Schenck.  The defendant *Porter* was the sheriff who executed the writ of attachment.  The plaintiff claimed the property under a chattel mortgage from the defendants in the attachment, executed before the seizure upon the attachment. The defendants alleged that such mortgage was fraudulent and void as to the creditors of the mortgagors.

" On the trial, the defendants, to prove their justification of the taking and conversion of the property, offered in evidence a writ of attachment issued in favor of *C. Aultman & Co.*, against the mortgagors of the plaintiff, and a seizure of the property under such writ by the defendant *Porter.* They also gave some evidence tending to show that the mortgage given to the plaintiff was fraudulent and void as to the creditors of Chamberlin and Schenck.  The writ of attachment and all proceedings thereunder were excluded by the court because the affidavit attached to the writ was insufficient to justify the officer in executing the same.

" Section 2731, R. S. 1878, provides that, ' before any writ of attachment shall be executed, the plaintiff, or some one in his behalf, shall make and annex thereto an affidavit stating that the defendant named in such writ is indebted to the plaintiff in a sum exceeding $50, and specifying the amount of such indebtedness, as near as may be, over and above all legal set-offs, and that the same is due upon contract, express or implied, or upon judgment or decree, and containing a further statement that the deponent knows, or has good reason to believe, either,' etc. [then follow seven causes for issuing the attachment, one or more of which must be set out in the affidavit].

" In the affidavit made in this case, the second cause was assigned as the ground for issuing and serving the attachment. The affidavit was perfect in the form prescribed by the statute, except that it was not made by the plaintiff in the action; nor does it appear, upon the face of the affidavit made, that the person making the same was an agent or attorney, or an

officer of the plaintiff, or that it was made on behalf of the plaintiff. The plaintiff, as is alleged in the complaint in the attachment action, was a corporation duly incorporated under the laws of this state. The court below held that the affidavit was insufficient to justify the officer in serving the writ, and rejected the writ and all proceedings under the same, holding that such proceedings were void for want of a sufficient affidavit."

There was a verdict and judgment for the plaintiff; a new trial was refused; and defendants appealed from the judgment.

The cause was submitted on the brief of *Waring & Ryan* and *Ryan & Brown* for the appellants, and that of *R. L. D. Potter* and *T. H. Walker* for the respondent.

For the appellants it was argued, 1. That the affidavit annexed to the writ before its execution was not defective because it omitted to state that it was made in behalf of the plaintiff. The statute (sec. 2731, R. S.) requires, (1) That the affidavit shall be made by the plaintiff or some one in his behalf; and this affidavit was made by the plaintiffs' agent, and by their authority. (2) That it shall state certain facts; and the authority of the affiant is not one of the facts to be stated. The words "some one in his behalf" do not mean some one having authority from the plaintiff. The affiant need have no more authority than any other witness called by a party. The plaintiff's attorneys procure the writ. They desire to have it executed. They look about for a witness by whom they can prove the necessary facts. They find one, and get his affidavit: It may be some one whom the plaintiff has never seen or known; but he is still a witness on *behalf of* the plaintiff. If one is called upon by a party or his attorney to swear to what he knows, and does so, it is done in behalf of such party; and his assertion to that effect is entirely superfluous. The following sections of the statutes illustrate the meaning of the phrase "on behalf of" or "in behalf of:" secs. 3044–5, 4057–59, 4061–62, 4070, 4095. See also constitution, art. I, sec. 7.

If the language used by the legislature "is plain and unambiguous," interpretation is not allowable. *Ogden v. Glidden*, 9 Wis., 46. An examination of the statutes will show that there is no policy recognized by the legislature which requires affiants in cases of this kind to have any authority different from that of a common witness. By sec. 2691, an affidavit for an order of arrest may be made "on the affidavit of the plaintiff *or any other person*." By sec. 2776, an injunction may be granted upon "the affidavit of the party *or any other person*." By sec. 2785, a writ of *ne exeat* is to be granted "upon the affidavit of the plaintiff or some indifferent witness." By sec. 3032, the order in supplementary proceedings before the return of execution may be made "upon proof by affidavit." No reason can be conceived why the affiants should be required to swear that he has authority under the sections relating to attachments, and not under the sections just cited. There is no danger of intermeddling on the part of strangers. The whole proceeding is under the control of the plaintiff's attorneys. They have the writ, and no step can be taken save by their authority. And even if such a danger existed, it would be for the legislature to avert it by an amendment to the law. 2. That the court erred in excluding evidence offered to prove that the affidavit was made on behalf of the attachment plaintiff, as alleged in the answer. If the affiant must have authority from the plaintiff, that fact need not appear in the affidavit, because it is not one of the facts required by the statute to be stated in the affidavit. In a very similar case, *Hass v. Prescott*, 38 Wis., 150, this court say: "To hold otherwise would be to interpolate in the statute requirements not made or contemplated by the legislature." Even under sec. 3754, which prescribes that the affidavit upon appeal from a justice's court shall be made "by the appellant or some person authorized by him," this court has held that the statute does not require proof of the authority to constitute a part of the appeal papers, but that the authority may be proven whenever

it is properly called in question. *Benjamin v. Houston*, 24 Wis., 309. That part of sec. 292 of the N. Y. code which provides for a supplementary order upon the return of execution unsatisfied, is the same as sec. 3029 of our R. S. It prescribes that certain facts shall exist before the order can be made, but it does not require any proof of those facts to be given to the officer who makes the order; and it is therefore held that no such proof is needed. 4 Wait's Pr., p. 137. See also *In re Remington*, 7 Wis., 643.

To the point that the affidavit for an attachment was insufficient because it failed to state that the person making it did so in behalf of the plaintiff, the respondent's counsel cited *Mayhew v. Dudley*, 1 Pin., 95; *Merrill v. Low*, id., 221; *Quarles v. Robinson*, 1 Chand., 29, or 2 Pin., 97; *Crane v. Wiley*, 14 Wis., 658; *Whitney v. Brunette*, 15 id., 61; *Miller v. Munson*, 34 id., 579; *McCabe v. Sumner*, 40 id., 386. See also *Hill v. Hoover*, 5 Wis., 354.

TAYLOR, J.  Whether the affidavit offered in evidence was sufficient to justify the service of the attachment, is the only question presented upon this appeal.  On the part of the learned counsel for the appellants it is contended, that the affidavit need not show upon its face, when not made by the plaintiff, or, in a case like the present (where the plaintiff is a corporation and cannot make the affidavit in person), that the person making the same is either the agent or attorney of the plaintiff; or, in case the plaintiff is a corporation, that the person making the same is the agent, attorney or officer of the plaintiff, and makes the same on behalf of such plaintiff; and that, if either of these facts be disputed by the person against whom the writ is issued and served, it may be proved by evidence, as any other fact.

This action is not between the plaintiff in the attachment suit and the defendants therein, but between such plaintiffs and a third party claiming title to the attached property by convey-

ance from such defendants. It becomes necessary, therefore, that the parties claiming under the attachment should show that the service of the writ was authorized when made, such service being the wrongful taking complained of by the plaintiff in the action. To justify the taking by the defendants upon their writ, it is clearly necessary that the affidavit required by the statute must be made and attached to the writ, otherwise no service of the writ can be justified. See section 2731, above cited.

Is an affidavit made by a person apparently a stranger to the plaintiffs in the action, and which fails to state upon the face thereof any connection between the affiant and the plaintiffs, or that it is made on their behalf, a substantial compliance with the statute? We think, upon authority and principle, it must be held that it is not. This court has always held the proceeding by attachment a harsh proceeding, and, as the statutes of this state have almost uniformly provided that it might issue upon an *ex parte* affidavit without the sanction of any judicial officer, it has also held that the requirements of the statute must be strictly complied with, otherwise the proceeding under it will be held void, especially as between prior purchasers from the defendant in such proceedings and the plaintiffs therein. *Mayhew v. Dudley*, 1 Pin., 95; *Morrison v. Fake*, id., 133; *Jones v. Webster*, id., 345; *Slaughter v. Bevans*, id., 348; *Lathrop v. Snyder*, 16 Wis., 293; *Whitney v. Brunette*, 15 Wis., 61; *Quarles v. Robinson*, 2 Pin., 97; *Bowen v. Slocum*, 17 Wis., 181; *Talbot v. Woodle*, 19 Wis., 174; *Robertson v. Kinkhead*, 26 Wis., 560; *Howell v. Kingsbury*, 15 Wis., 273; *Miller v. Munson*, 34 Wis., 579; *Mairet v. Marriner*, id., 582; *Trowbridge v. Sickler*, 42 Wis., 417.

The facts required to be shown by the affidavit are of such a nature as can only be known to and verified by the oath of the plaintiff or some one having the relation of attorney or agent, or, in case of a corporation, an officer. This fact alone

suggests the propriety of the requirement in the statute that the affidavit must be made by the plaintiff or some one in his behalf who has knowledge of the fact required to be stated in the affidavit. It is true, the statute does not in express terms say that the affidavit shall be made by some one who has knowledge of the facts, but that, we think, is clearly implied; certainly the legislature did not intend that it might be made by one having no knowledge upon the subject. If made by a person sustaining no relation of agent or attorney of the plaintiff, there would be at least a very strong suspicion that his verification of the matters required to be stated in the affidavit could only be based upon mere hearsay. The fact of the indebtedness, and the amount thereof due to the plaintiff over and above legal set-offs, are facts which in almost all cases can be known only to the plaintiff or some one having such business relations with him as gives him full knowledge of his financial affairs; and we are strongly of the opinion that when the affidavit is not made by the plaintiff, the person making the same should not only state that he makes it on behalf of the plaintiff, but should go further, and state the information he has which enables him to make the oath required, so far as relates to the amount of the indebtedness of the defendant. This was done in the case of *Howell v. Kingsbury*, 15 Wis., 272, and was approved by this court.

In *Blaikie v. Griswold*, 10 Wis., 293, this court held an affidavit, made under section 14, ch. 140, R. S. 1858, which stated on its face that the person making the same was the attorney of the plaintiff, was sufficient, although the statute required, as in the case of attachments, that it should be made by the plaintiff or some one in his behalf. The present chief justice, in passing upon that question, says: "Although the attorney does not state, in so many words, that he makes the affidavit on behalf of the plaintiff, yet he swears that he is one of the plaintiff's attorneys in the action, and this fact discloses his means of information as to the precise amount

due upon the notes, and sufficiently shows his connection with the suit and authority to make the affidavit."

In the case of *McCabe v. Sumner*, 40 Wis., 386, which, like the last case cited, was a motion to set aside a judgment entered upon a warrant of attorney to confess judgment for irregularity, based upon the insufficiency of the affidavit required by said section 14, ch. 140, R. S. 1858, the late Chief Justice RYAN says: "And the affidavit which the statute requires is not a mere form, but goes to substantial rights of the parties. When the plaintiff himself makes the affidavit, it would probably be sufficient merely to state the amount due in the terms of the statute; because he is presumed to know the precise sum due upon the contract which he holds. But when some one else on his behalf makes the affidavit, we are inclined to think that the affidavit should disclose why it is not made by the plaintiff; and we are quite clear that it should state the means of knowledge of the person making it, within the rule of *Crane v. Wiley*, 14 Wis., 658. It is true that the statute does not in terms require this, as in the verification of a complaint; but the reasoning of that case applies as forcibly to the affidavit annexed to the complaint in cases of confession, and the necessity of a strict rule is far greater. Without stating his means of knowledge, a person not a privy to the contract may well be presumed to found his affidavit upon the tenor and effect of the contract only; saying no more than the contract says as well or better, and giving no assurance to the court of the justice of the judgment, which the contract itself does not give. Such an affidavit, made by a stranger not disclosing his means of knowledge, has little significance. A reasonable effect must be given to the provisions of a statute, according to its object, and a mere literal compliance will not always do. The statute here requires an affidavit of one knowing the fact. And there is no presumption that a stranger knows the fact, unless he disclose how he came to know it."

There is, we think, greater reason in the case of an attachment than in the case then under consideration, for requiring that a party who makes an affidavit on behalf of the plaintiff should show in some way that he might at least be presumed to have some knowledge of the facts required to be stated in the affidavit, before his mere statement under oath that they do exist shall be taken as sufficient evidence that he has such knowledge. The fact that a debt is due from the defendant to the plaintiff is required to be proved by the affidavit, and the amount thereof, the same as is required by the affidavit upon the entry of judgment upon warrant of attorney; but, in addition, it is required to show the amount due over and above all legal set-offs — a fact not required to be shown upon the entry of a judgment upon a note and warrant of attorney. Nothing is required in that case except the deduction of payments which may have been made on the note, in order to get at the amount due. The fact that the affiant must state the amount due over and above all legal set-offs would deter any conscientious man from making it on behalf of another, unless he had the utmost familiarity with his business, or unless he had the admission of the defendant as to the exact amount due. Certainly the affidavit ought to show upon its face either the facts showing the affiant's knowledge, or, at least, that the relations of the affiant to the plaintiff were such as would authorize the court to presume that he had the knowledge which would justify him in making the affidavit, as was held in the case of *McCabe v. Sumner, supra.* There is good reason for holding that the person who makes the affidavit on the part of the plaintiff should have knowledge of the amount of the plaintiff's claim over and above all legal off-sets, because the affidavit is conclusive upon that question; and, no matter how false it may be in that respect, the defendant has no relief until the final determination of the case. Section 2745, R. S. 1878. The affidavit in the proceedings offered in evidence fails to show that the person making the same occupied

the relation of agent, attorney or officer to the plaintiff, or that he had any .knowledge of the amount of the indebtedness of the defendants in the attachment to the plaintiff; and it also fails to state that he makes the affidavit on behalf of the plaintiffs. We think the affidavit was clearly insufficient to justify the attachment of the defendants' property on said writ, and that such attachment was no justification for the taking of the property attached as again'st the plaintiff, and that the court below properly excluded the writ and the proceedings thereon as evidence on the part of the defendants.

Although not necessary to the determination of this appeal, we are strongly inclined to think that when the affidavit in attachment proceedings is made by any other person than the plaintiff, the affidavit should not only state that it is made on behalf of the plaintiff, but should further state the relation of the party making the same to the plaintiff, and his knowledge upon the subject of the indebtedness of the defendant, as was held by this court in the case of the affidavit required upon the entry of judgment upon a warrant of attorney.

*By the Court.*— The judgment of the circuit court is affirmed.