MILLER VS. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY
COMPANY.

*September 28 — October 23, 1883.*

*Affidavit for attachment in justices' courts.*

An affidavit for an attachment under sec. 3702, R. S., if not made by
the plaintiff, must contain a sworn statement that it is made on
his behalf. A mere recital, as "J. K., on behalf of I. S., being
duly sworn," etc., is insufficient.

APPEAL from the Circuit Court for *La Crosse* County.
The case is thus stated by Mr. Justice TAYLOR:

"This action was brought by the plaintiff against the railway company for a balance claimed to be due to him for work and labor performed for said company. The defense set up was payment in full. The only controversy on the trial was whether the defendant was entitled to a credit of $46.75 which it had paid to one Schierl in a garnishee suit against the company in favor of said Schierl. The action against *Miller*, upon which the garnishee action was founded, was commenced by warrant of attachment under the provisions of secs. 3701, 3702, R. S. 1878. The warrant was not served upon the defendant, *Miller*, and he had no notice of the pendency of the action until long after the judgment therein was rendered against him, as well as the judgment against the garnishee, set up as a defense to this action. The warrant of attachment not having been served, an order was made and published as provided in sec. 3712, R. S. The summons in the garnishee action was not served upon *Miller*, as provided by ch. 253, Laws of 1880, for the reason that he was not a resident of the county in which the action was pending, and had no known agent or attorney residing therein.

"On the trial in the circuit court the defendant company offered in evidence the record of the proceedings in the at-

Miller vs. The Chicago, Milwaukee & St. Paul R'y Co.

tachment and garnishee suits. That court decided that these judgments did not constitute any defense to the plaintiff's action; and, as we understand it, the reason for such decision was that the affidavit upon which the writ of attachment issued was insufficient to give the justice's court jurisdiction, and that as a consequence all the proceedings based upon it were void. The affidavit upon which the writ of attachment issued is as follows:

"'*State of Wisconsin, La Crosse County, City of La Crosse — ss.:* J. Kampschroer, on behalf of Ignatz Schierl, being duly sworn, on oath says that *Frank C. Miller* is justly indebted to Ignatz Schierl in a sum exceeding five dollars, to wit, in the sum of forty ($40) dollars, over.and above all legal setoffs; and this affiant further says that the same is due upon express contract, to wit; and that this affiant has good reason to believe that the said *Frank C. Miller* is about fraudulently to convey or dispose of his property and effects so as to hinder or delay his creditors. Therefore he applies for a warrant of attachment.

    [Signed]             "' J. KAMPSCHROER.'

"This affidavit was properly sworn to before the justice who issued the warrant of attachment. The circuit court held the affidavit insufficient, because it does not state upon its face that it was made on behalf of the plaintiff."

There was evidence tending to prove that the plaintiff had ratified the payment by the defendant to the plaintiff in the garnishee action. Upon that question the cause was submitted to the jury, who found for the plaintiff. From a judgment on the verdict the defendant appealed.

For the appellant there was a brief by *Cameron, Losey & Bunn*, with *D. S. Wegg*, of counsel, and oral argument by *Mr. Bunn* and *Mr. Wegg.*

For the respondent there was a brief by *Hughes & Miller*, and oral argument by *Mr. Hughes.*

TAYLOR, J.   The only difference between the affidavit in this case and the one which was held insufficient by this court in the case of *Wiley v. Aultman*, 53 Wis., 560, is that in the *Wiley Case* the words "on behalf of" the plaintiff (giving his name) were omitted. We are clearly of the opinion that the insertion of these words do not cure the defect. If the affiant had sworn that he made the affidavit on behalf of the plaintiff, instead of simply reciting it, there might be some reason for saying the case was different from the case of *Wiley v. Aultman*. But he has not done that. He simply says he makes it on behalf of the plaintiff. All the cases hold that a recital of this kind is not a part of the affidavit which is verified by the oath of the party making it. *Hill v. Hoover*, 5 Wis., 354; *Sloane v. Anderson*, 57 Wis., 135; *Weatherwax v. Paine*, 2 Mich., 556.

If a mere recital in the affidavit that it is made on behalf of the plaintiff is sufficient, then it would seem that the case of *Wiley v. Aultman* was wrongly decided. In that case the plaintiff offered to show the fact that it was made on behalf of the plaintiff, although that fact did not appear in the affidavit, and the court rejected the evidence; and this court said that the defect could not be cured in that way, but that the affidavit itself should show that fact. If a mere recital, not verified by the oath of the person making it, was sufficient, there would seem to be no reason for excluding parol evidence of the fact. A similar decision was made by the supreme court of Kansas in *Manley v. Headley*, 10 Kan., 88–94. In that case the affidavit stated in the body thereof that the party making it was one of the plaintiffs; but as it appeared that the plaintiff was a corporation, it was clear that that part of the affidavit was false, or a mistake, and it was sought to uphold the affidavit by showing that the person making the same was in fact the agent or attorney for the plaintiff. It was held that the affidavit was insufficient. The court say: "The filing of an affidavit by one of the

parties authorized by the statute, is essential to the validity of an order of attachment.   Here the plaintiff, being a corporation, could not and did not make the affidavit; nor is there anything in the record to show that the party who did was at the time either agent or attorney.   In fact, for all the record discloses, the affidavit was a volunteer affidavit by an unauthorized party.   Upon such an affidavit no order of attachment could rightfully issue."

.  We think the case at bar is clearly within the decision in *Wiley v. Aultman*, and we are disposed to sustain that decision, so far at least as it requires the person making the affidavit to testify that he makes it on behalf of the plaintiff; and that the omission so to do in the affidavit in question in this case renders it insufficient to sustain the proceedings. We think it very clear that the statute, which says that the affidavit must be made by the plaintiff or some person in his behalf, means some person having authority from the plaintiff to make it on his behalf, and not a mere volunteer, as was said in the case above cited.   There could be no doubt that if the statute required the plaintiff, or some one authorized by him, to make the affidavit, it would be necessary for the party making the same to state and swear to his authority. Under the statute as it now reads, if he swears that he makes the affidavit on behalf of the plaintiff, the fair inference will be that he does so with the direction or approval of the plaintiff.   The want of such a statement in the affidavit does not assure the justice who issues the warrant that he is not issuing it at the instigation of a person in no way connected with the plaintiff.   Whether the affidavit would be insufficient, as intimated in the case of *Wiley v. Aultman*, if it failed to state the relation of the affiant to the plaintiff, and his knowledge upon the subject of the indebtedness of the defendant, need not be decided in this case.

.The only other question in the case relates to the proofs offered by the appellant tending to show a ratification by

the plaintiff in this case of the payment made by the defendant to the plaintiff in the garnishee action. We think that question was fairly submitted to the jury, and they have found against the defendant, and there is certainly no reason for saying that their verdict is not fully supported by the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.