MAGUIRE, Appellant, vs. BOLEN, Respondent.

*September 5 — September 22, 1896.*

*Attachment: Affidavit: Amendment: Effect on intervening claims: Levy before service of summons: Jurisdiction: Extent of officer's interest in property attached.*

1. An affidavit for an attachment under sec. 3702, R. S., if not made by the plaintiff himself, must contain a sworn statement that it is made in his behalf.
2. An attachment which is void because of the insufficiency of the affidavit therefor is not made valid by the subsequent rendition of judgment in favor of the plaintiff.
3. An amendment of an affidavit for attachment by increasing the amount claimed, after the levy, cannot affect the rights of another creditor whose attachment has intervened.
4. Property may be levied upon and seized under a writ of attachment before actual service of the summons in the action, if such summons has been issued and placed in the hands of the officer with a *bona fide* intent that it shall be served, and such seizure gives the court jurisdiction over the property seized and the control of all subsequent proceedings thereon.
5. The legality of such a levy and seizure must be determined by the condition of things at the time they were made.
6. In an action by a constable against a sheriff for the conversion of property which plaintiff had held under an attachment and which defendant had taken from him under another attachment and had thereafter sold by order of the court, if plaintiff is given judgment for so much of the proceeds of the sale as is necessary to satisfy all the valid liens held by him he is not interested in the balance of such proceeds and cannot litigate the question whether the creditor under whose attachment the defendant acted has lost his lien by a failure to serve his summons within a reasonable time after the seizure.

APPEAL from a judgment of the circuit court for Manitowoc county: N. S. GILSON, Circuit Judge. *Affirmed.*

On the 1st and 2d days of September, 1891, the plaintiff, as constable, received from a justice of the peace four several writs of attachment against G. G. Lade, and in favor

of and for the amounts, respectively, as follows, to wit: (1) Kinley Manufacturing Company, $89.57; (2) Kolb & Co., $41.33; (3) Kaldenburg & Co., $82.73; (4) Tuck & Sons, $146.24. By virtue of said writs the plaintiff, as such constable, seized and levied upon a stock of goods, wares, and merchandise belonging to said Lade, and took possession thereof, and retained the same until dispossessed by the defendant. After such levy, and on September 2, 1891, the defendant, as sheriff, received a writ of attachment out of the circuit court against the said Lade in favor of H. H. West Company, for $255.31, by virtue of which he seized the said stock of goods, wares, and merchandise so in the possession of the plaintiff, and held the same. The goods, wares, and merchandise so levied upon were of the value of $750. The defendant, as such sheriff, continued to hold said property under such writ until October 3, 1891, when he sold the same pursuant to an order of the circuit court made therein September 22, 1891, for $705 in cash, which he returned as held by him, subject to the order of the court. On September 24, 1891, an order for the service of the summons, in favor of H. H. West Company, by publication was made. Judgments for damages were entered in said several actions against Lade and in favor of said attaching creditors respectively, October 15, 1891.

On October 30, 1891, the plaintiff, as such constable, commenced this action against the defendant for the wrongful and unlawful conversion of the said property, and demanded judgment for $458.76. The defendant, as sheriff, answered and justified under the writ of attachment in favor of H. H. West Company, and the order of the circuit court made September 22, 1891, directing the immediate sale of the property attached, and the subsequent proceedings in that action.

A jury having been waived, at the close of the trial the court in this action found as matters of fact most of the

Maguire vs. Bolen.

facts stated, and further found, in effect, that the said property was kept in the store building formerly used and occupied by said Lade, and while the plaintiff was in actual possession and custody thereof he was, without his consent and without negligence on his part, violently and forcibly ousted therefrom by the defendant, who seized and held all of said property, and denied the right of the plaintiff therein, and wholly excluded him from the possession thereof, although the defendant well knew that the plaintiff had possession thereof as constable by reason of his levy under the several writs of attachment as mentioned; that the writ of attachment of Tuck & Sons was void, but that the several writs in the cases of Kaldenburg & Co., Kolb & Co., and Kinley Manufacturing Company, were valid writs; that all the allegations of the plaintiff's complaint, except as modified, were sustained by the evidence.

And as conclusions of law the court finds, in effect, that the rights of the parties in this action are to be determined from the state of the several cases at the time the defendant seized the goods, September 2, 1891, and that all subsequent irregularities are immaterial; that the writ of attachment in favor of H. H. West Company was a valid writ, September 2, 1891; that the defendant is only liable to the plaintiff in a sum sufficient to satisfy the valid writs in his hands, with interest and costs; that the plaintiff is not entitled to recover anything for or on account of the writ of attachment in favor of Tuck & Sons; that the plaintiff is entitled to judgment for the following sums, with interest on them, respectively, at seven per cent. from October 15, 1891, to wit: $93.76 in favor of Kaldenburg & Co., $51.41 in favor of Kolb & Co., and $89.52 in favor of the Kinley Manufacturing Company; that the sum of $50.30 is disallowed from the last-named judgment, being the difference between the amounts specified in the original affidavit for attachment in that action and the amended affidavit filed

thereafter and before judgment; that the aggregate of the above several items will constitute the sum for which the plaintiff is entitled to judgment, together with the costs of this action, to be taxed. Judgment was ordered thereon accordingly, to wit, amounting in the aggregate to $322.24, besides the costs of the action, taxed at $110.83; making, in all, $433.07. From the judgment entered thereon accordingly the plaintiff appeals.

For the appellant there was a brief by *J. S. Anderson* and *Nash & Nash*, and oral argument by *Mr. Anderson*.

For the respondent there was a brief by *G. A. Forrest* and *Schmitz & Kirwan*, and oral argument by *Michael Kirwan*.

CASSODAY, C. J.   1. The affidavit for the writ of attachment in favor of Tuck & Sons is insufficient to meet the requirement of the statute under which it was made.   R. S. sec. 3702.   That statute prohibits the issuing of the warrant before "the plaintiff or some person in his behalf shall make and file with the justice an affidavit" as therein required. The affidavit made and filed with the justice in the Tuck case recites that the affiant "*for and on behalf* of the firm of Raphael Tuck & Sons, hereinafter named, *being duly sworn, on oath doth say*," etc., but such recital is not sworn to, and the affidavit is, therefore, insufficient under the statute.   *Miller v. C., M. & St. P. R. Co.* 58 Wis. 310; *Detroit Safe Co. v. Kelly*, 78 Wis. 134.   The proceeding thus given by statute is a harsh remedy, and to give the justice jurisdiction the requirements of the statute must be strictly complied with.   *Steen v. Norton*, 45 Wis. 412; *Rasmussen v. McCabe*, 46 Wis. 600; *Edler v. Hasche*, 67 Wis. 653.   It follows that the trial court properly held that the attachment in that case was void.   Such void attachment was not made valid by the subsequent rendition of judgment in that case. R. S. secs. 2741, 2749, 3710.

2. As indicated in the statement, the attachment in favor of Kinley Manufacturing Company was only for $89.52,— the exact amount named in the affidavit therefor. Subsequently, and after the defendant, as sheriff, had levied the attachment and seized the property under the attachment in favor of the H. H. West Company, the Kinley Manufacturing Company amended its affidavit for attachment and its attachment by increasing the amount therein as indicated, but such increase could not prejudice or supersede the attachment and levy in favor of the H. H. West Company, and the trial court properly disallowed such increase. *Whitney v. Brunette*, 15 Wis. 61; Drake, Attachment, § 282.

3. It is strenuously contended that the circuit court never got jurisdiction in the attachment suit in favor of the H. H. West Company for want of service upon Lade and otherwise. The attachment was issued, the levy made, and the property seized thereon by the defendant, as sheriff, September 2, 1891. The papers are apparently in the statutory form. The statute declares that from the time of the issuance of a provisional remedy the court shall be deemed to have acquired jurisdiction, and to have control of all subsequent proceedings therein. R. S. sec. 2629. There can be no question but that a writ of attachment is an ancillary or provisional remedy, and property may be levied upon and seized thereon before the actual service of the summons, in case it is issued and placed in the hands of the officer with a *bona fide* intent that it shall be served. *Bell v. Olmsted*, 18 Wis. 69; *Cummings v. Tabor*, 61 Wis. 185; *Evans v. Virgin*, 69 Wis. 159, 160; *Cox v. North Wis. L. Co.* 82 Wis. 144, 145. " Its office is to seize and hold such property as would be liable to execution in the principal action until a judgment can be recovered therein, and an execution issued thereon." *Id.* Such seizure is in the nature of a proceeding *in rem*, and becomes the basis of a subsequent service by publication. *Id.* It gives the court jurisdiction over

the property seized, and the control of all subsequent proceedings thereon. *Id.;* R. S. sec. 2740. Under that section the court, in the cases therein prescribed, had the legal right by order, as it did, to direct the sale of the property so attached in such manner and upon such time and terms as the best interests of the parties demanded, and that the sheriff hold the moneys realized thereon in lieu of the property sold, subject to the further order of the court. Of course to authorize the H. H. West Company to take and appropriate to its own use the proceeds of the sale, or any part thereof, it was necessary that the summons should be served within a reasonable time; but the section cited authorized the court, upon proper application and sufficient showing, and without waiting for such service, to direct the sale immediately. Such order protected the sheriff, but did not affect the legality of the seizure. *Sterling v. Ripley,* 3 Pin. 155. The sheriff was the agent of both parties, and answerable to both. *Starr v. Moore,* 3 McLean, 354. The legality of his levy and seizure must be determined by the condition of things at the time they were made.

In the case at bar the levy and seizure made by the defendant, as sheriff, was necessarily subject to the valid attachments in the hands of the plaintiff as constable. As indicated in the statement, the judgment of the trial court gave to the plaintiff, as such constable, so much of the proceeds of the sale of the property as was necessary to satisfy all the valid liens which the plaintiff held against the property. This is all the plaintiff could reasonably claim. He was not liable to any one, except as to the valid liens he held upon the property, and those liens were fully protected by the judgment in his favor. *Gage v. Allen,* 84 Wis. 323; *Bleiler v. Moore,* 88 Wis. 438. The plaintiff, therefore, had no further interest to subserve by continuing the controversy. The question whether the H. H. West Company has, by reason of its failure to serve the summons within a

reasonable time, lost its right to have its lien paid out of the balance of such proceeds, after satisfying such valid claims in the hands of the plaintiff, as such constable, is not before us for consideration, since this record fails to show that the plaintiff has any right or interest in such balance of the proceeds. Such balance of the proceeds must eventually be disposed of by order of the court; and the defendant, as sheriff, is answerable to the party entitled.

*By the Court.*— The judgment of the circuit court is affirmed.

A motion to offset the costs recovered in this court against part of the judgment recovered in the court below was granted November 24, 1896.

As to the right to amend an affidavit for attachment, see note to *Heidel v. Benedict* (61 Minn. 170) in 31 L. R. A. 422.— REP.