CITY OF SOUTH MILWAUKEE, Respondent, vs. SCHANTZEN, Appellant.

*October 6—November 8, 1950.*

For the appellant there was a brief by *Joseph M. Picker*, attorney, and *Howard G. Brown* of counsel, both of Milwaukee, and oral argument by *Mr. Brown*.

*Robert E. Mullins* of South Milwaukee, for the respondent.

BROWN, J. The appellant assigns a number of errors, among them an alteration of the affidavit at the trial by the justice, so that it charged drunken instead of reckless driving; and the sentence of a "fine" when the statute authorizes only a forfeiture, and imprisonment in the house of correction while the ordinance specifies the county jail. The appeal also attacks the sufficiency of the evidence upon which the defendant was found guilty. We do not treat these matters because we think the question of jurisdiction makes discussion of them unnecessary.

Sec. 62.24 (1), Stats., authorizes a city to elect a police justice of the peace; (2) confers on him the same jurisdiction as any other justice of the peace and exclusive jurisdiction of offenses against the city ordinances; (3) (b) states: "The procedure shall be the same as is applicable to other justices of the peace, except as otherwise provided." No such exceptions affect the question now before us.

The court of a justice of the peace is one of limited jurisdiction, having only such jurisdiction as shall be prescribed by law. (Sec. 15, art. VII, Const.) City ordinances cannot create crimes or misdemeanors. *State ex rel. Keefe v. Schmiege* (1947), 251 Wis. 79, 84, 28 N. W. (2d) 345. An action to recover a forfeiture for violation of an ordinance is thus a civil proceeding and its procedure is that of other civil proceedings. The statutes authorize the collection of forfeitures in two ways: By suit based upon a complaint (sec. 288.10, Stats.), and by an affidavit by the plaintiff or someone in his behalf followed by the issue of a warrant by the justice of the peace (sec. 301.10 (4)).

"Except in actions begun by warrant, the first process in actions shall be a summons in the form provided by section 301.17, returnable not less than six nor more than fifteen days from its date." Sec. 301.03, Stats. No such summons was served on Schantzen nor can we find that one ever existed, nor was he ever served with a complaint alleging his indebtedness to the city for the amount of the forfeiture claimed, as provided by sec. 288.10. We think it clear that the city was not proceeding by civil action under ch. 288, Stats., and no jurisdiction for proceedings thereunder was acquired.

It seems equally clear that the method adopted was an attempted compliance with sec. 301.10, Stats., the material part of which, for this purpose, reads:

*"Warrant, when to issue.* The plaintiff is entitled to a warrant to arrest the body of the defendant upon filing with the justice an affidavit, made by him or in his behalf, showing to the satisfaction of the justice either: . . .

"(4) That the defendant has incurred a penalty or forfeiture by the violation of some law, specifying the same, for which the plaintiff has a right to prosecute."

Sec. 301.11, Stats., directs that:

". . . The warrant shall command the sheriff or constable to take the body of the defendant and bring him forthwith before the justice to answer the plaintiff, . . ."

The affidavit already described was filed and the warrant issued. We must inquire whether the affidavit met the requirements of sec. 301.10, Stats., and gave the justice jurisdiction to issue the warrant.

Szymanski's affidavit does not recite anywhere that he makes it on behalf of the city which, in subsequent proceedings, appeared as plaintiff. It reads as though it was made in his own behalf and he designates himself "the complainant" in the prayer for relief. Counsel for the city submits that the statute does not require the affidavit to state that it is made in behalf of the plaintiff but it is sufficient that it actually is made in such behalf. The same argument was made concerning the same statutory words in an attachment action, *Wiley v. C. Aultman & Co.* (1881), 53 Wis. 560, 562, 11 N. W. 32, but did not win the approval of the court which held that the affidavit *must state* that it is made in behalf of the plaintiff. Counsel also argues that the designation of affiant as "Officer Szymanski" is a sufficient indication that he was acting in a representative capacity. Even if that much could be conceded, which is doubtful, it does not appear from his affidavit whom or what he represents. *Wiley v. C. Aultman & Co., supra,* holds, further, that when the affiant does not state that he makes the affidavit in plaintiff's behalf such missing fact cannot be proved by other evidence. *Wiley v. C. Aultman & Co., supra,* was followed by *Miller v. Chicago, M. & St. P. R. Co.* (1883), 58 Wis. 310, 17 N. W. 130, another attachment case, which held that if the affidavit is not made by the plaintiff, it must state under oath that it is made in plaintiff's behalf, and a preliminary recitation, not under

oath, to that effect does not satisfy the statute. In both the *Wiley* and the *Miller Cases, supra,* it was held that the justice acquired no jurisdiction by the defective affidavits and the warrant and the proceedings based upon it were void.

In *Detroit Safe Co. v. Kelly* (1890), 78 Wis. 134, 47 N. W. 187, in a replevin action brought under sec. 3733, Stats., requiring such an affidavit, one like that in the *Miller Case, supra,* was held insufficient, resulting in a failure of jurisdiction. The court said (p. 137) :

"The difficulty with the affidavit in the case at bar is that it fails to show that it was made on behalf of the plaintiff. It is clear that it was not made by the plaintiff, and it is equally clear that the defect in the affidavit cannot be supplied by parol evidence showing that the person who made the same was the agent or attorney of the plaintiff and made it on its behalf. The jurisdiction of the justice must appear upon the record of the justice and in the way prescribed by the statute."

It was contended that the question of jurisdiction was waived in a manner applicable to the case at bar, but the court said (p. 136) :

"It is true that this objection to the sufficiency of the affidavit is made in this court for the first time, and after three trials of the case upon its merits have been had; but, following many decisions of this and other courts in similar cases, we see no way of avoiding the objection made to the jurisdiction of the justice's court over the subject matter of the action, and the consequent want of jurisdiction of the circuit court on the appeal from the justice's court. The whole authority of the justice's court to try an action of replevin rests upon the statute giving such jurisdiction, and the statute conferring such jurisdiction confers it only upon the condition precedent that an affidavit showing certain things must first be made and filed with the justice."

In *Maguire v. Bolen* (1896), 94 Wis. 48, 68 N. W. 408, an attachment proceeding, an affidavit similar to those in the *Miller* and *Detroit Safe Co. Cases, supra,* was again held insufficient to give the justice jurisdiction.

*State v. Nergaard* (1905), 124 Wis. 414, 102 N. W. 899, cited by respondent, does not change the rule. That was an action to recover a forfeiture for violation of the game laws. The sworn complaint was made by one who stated therein that he was a deputy of the state fish and game warden, but did not state that he made the complaint on behalf of the state. We said (p. 421) :

"It is claimed that this omission is fatal, for the reason that by sec. 3602, Stats. 1898, [now sec. 301.10, Stats.] governing all complaints in civil actions before justices upon which a warrant of arrest is to be issued, it is required that the sworn complaint shall be made by the plaintiff or by someone in his behalf. A similar provision with regard to affidavits for attachment has uniformly been held to mean that, where the affidavit is made by a third person, the affidavit must contain the statement that it is made on behalf of the plaintiff. *Maguire v. Bolen,* 94 Wis. 48, 68 N. W. 408. We should probably consider this controlling, were it not for the fact that it is provided by sec. 1498*g;* Stats. 1898, that it shall be the duty of district attorneys to prosecute actions for violations of the fish and game laws when complaint is made by the state fish and game warden or any deputy. This provision relating to this special class of actions seems to clearly indicate the legislative purpose to be that, where the complaint appears on its face to be made by one of the officers named, it shall be sufficient to initiate the prosecution, and we so hold."

There is no such special provision applicable to violations of municipal ordinances to exempt the present affiant from stating on oath that he makes the affidavit in behalf of the plaintiff and to bring him under an exception such as that which controlled the *Nergaard* decision.

To affirm the judgment of the learned trial court would require us to alter the settled interpretation of the statutory words, "an affidavit made by him [plaintiff] or in his behalf," at a time when not only the defendant's property rights but his liberty are at stake. Such interference with interpretation of such ancient authority lies in the province of the legislature

rather than the courts. We adhere, therefore, to the well-established rule of our prior decisions and hold that the present affidavit failed to contain an essential element and thereby the justice of the peace acquired no jurisdiction over the subject matter of the action. Such lack of jurisdiction was not waived by the parties and could not be. *Detroit Safe Co. v. Kelly, supra;* 2 Am. Jur., Appeal and Error, p. 851, sec. 11. The proceedings were void for lack of jurisdiction and the judgment appealed from must be reversed.

*By the Court.*—Judgment reversed and cause remanded for proceedings consistent with this opinion.